1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DINO RIKOS, On Behalf of Himself, All
     Others Similarly Situated and the General
12   Public,

13                                      Plaintiff,
         vs.
14

15   THE PROCTER & GAMBLE COMPANY,

16                                     Defendant.

17

18

CASE NO. 10cv1974 BEN (CAB)

**ORDER GRANTING
DEFENDANT'S MOTION TO
TRANSFER VENUE TO THE
SOUTHERN DISTRICT OF OHIO**

[Dkt. No. 11]

19       Defendant The Procter & Gamble Company moves the Court to transfer venue to the United

20   States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404. ("Motion" [Dkt.

21   No. 11].)  Plaintiff Dino Rikos opposes.  [Dkt. No. 14.]   For the reasons set forth below, the Court

22   hereby **GRANTS** Defendant's Motion and transfers the case to the Southern District of Ohio.

23                                    **BACKGROUND**

24       This action arises out of alleged misrepresentations made by Defendant in its marketing and

25   sale of a product known as "Align."  Defendant makes the product, and its headquarters and principal

26   place of business are located in Cincinnati, Ohio, i.e., within the jurisdiction of the Southern District

27   of Ohio.  Plaintiff purchased the product in San Diego, California, but resides in Illinois.  Plaintiff

28   asserts his claims on behalf of herself and all others similarly situated.

1   On September 21, 2010, Plaintiff initiated this action against Defendant, alleging three causes

2   of action: (1) violation of California's Consumers Legal Remedies Act; (2) violation of the California

3   Business & Professions Code; and (3) a breach of express warranty.  Plaintiff's claims are based on

4   state law; however, federal courts have original jurisdiction based on the Class Action Fairness Act,

5   28 U.S.C. § 1332(d).

6   On November 22, 2010, Defendant filed the instant Motion. Defendant argues that this action

7   should be transferred to the Southern District of Ohio because that is where Defendant's headquarters

8   and relevant witnesses and documents are located.  Plaintiff filed an opposition, and Defendant filed

9   a reply.

10   The Court finds the Motion suitable for disposition without oral argument pursuant to Civil

11   Local Rule 7.1.d.1.

12   **DISCUSSION**

13   Defendant asks the Court to transfer this action to the Southern District of Ohio pursuant to

14   28 U.S.C. § 1404(a).  "For the convenience of the parties and witnesses, in the interest of justice, a

15   district court may transfer any civil action to any other district or division where it might have been

16   brought." 28 U.S.C. § 1404(a).  The purpose of § 1404(a) is to "prevent the waste of time, energy and

17   money and to protect litigants, witnesses and the public against unnecessary inconvenience and

18   expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).

19   In this case, it is undisputed that the action could have been brought in the Southern District

20   of Ohio, based on Defendant's residency.  Therefore, the issue becomes whether the "convenience of

21   the parties and witnesses" and the "interest of justice" compel transferring venue.

22   When analyzing a motion to transfer venue under § 1404(a), "the court may consider: (1) the

23   location where the relevant agreements were negotiated and executed, (2) the state that is most familiar

24   with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the

25   forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the

26   differences in the costs of litigation in the two forums, (7) the availability of compulsory process to

27   compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."

28   *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000).

1  "As a general matter, a plaintiff's choice of forum should be afforded deference." *Patent Mgmt.*

2  *Found., LLC v. Analog Devices, Inc.*, 2011 U.S. Dist. LEXIS 7389, *7 (N.D. Cal. 2011) (citing *Decker*

3  *Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).  However Plaintiff's

4  choice of venue is only entitled to minimal consideration when Plaintiff does not reside in the district,

5  the operative facts happened outside  the forum, or plaintiff is seeking to bring a class action.  *Pfeifer*

6  *v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) (citing *Lou v. Belzberg*, 834 F.2d

7  730, 739 (9th Cir. 1987)).

8  Here, Plaintiff is a resident of Illinois and only occasionally travels to the Southern District of

9  California to visit family.  In addition, this is a proposed class action, and the operative facts likely

10  occurred in the Southern District of Ohio.  Defendant is headquartered in Ohio and contends that

11  decisions regarding product marketing are made in that state.  These facts weigh in favor of transfer.

12  Defendant also argues that this action should be transferred to the Southern District of Ohio

13  because the majority of witnesses in this case are its employees and they reside in Ohio.  Plaintiff

14  counters that Defendant's employees are not considered non-party witnesses and their location is not

15  a major factor to be considered.  "The court accords less weight to the inconvenience of party

16  witnesses, however, as they can be compelled to testify regardless of the forum in which the lawsuit

17  is ultimately litigated." *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109,

18  1132 (C.D. Cal. 2009).  While the convenience of party witnesses does not get as much weight as that

19  of non-party witnesses, it is still a factor this Court may consider.  The cost of litigation is another

20  factor this Court may consider. Bringing employee witnesses to the Southern District of California

21  adds a significant expense for Defendant and is another factor favoring transfer.  Additionally,  neither

22  party has identified any witnesses residing in this district. Therefore, transfer will not have a negative

23  impact on the parties ability to compel any witnesses.

24  Plaintiff argues that transfer is improper because his claims arise out of California law and this

25  Court is more familiar with the governing statutes.  To support his position, Plaintiff cites *Young v.*

26  *Coastal Island Charters*, 2005 U.S. Dist. LEXIS 32177, *8 (E.D. Cal. 2005).  While the court in

27  *Young* did consider familiarity with the governing law, it also relied heavily on the fact that the

28  Plaintiff was a resident of his chosen forum. *Id*.  This Court's greater familiarity with California law

is a factor that weighs against transfer, but it is not enough to overcome the other considerations in support of transfer.

### CONCLUSION

In light of the above, Defendant's Motion to Transfer Venue is **GRANTED**.  The Clerk is directed to transfer venue of this case to the United States District Court for the Southern District of Ohio.

**IT IS SO ORDERED.**

DATED:  April 13, 2011

_____
Hon. Roger T. Benitez
United States District Judge

- 4 -

10cv1974