IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DINO RIKOS, TRACEY BURNS, and LEO JARZEMBROWSKl, On Behalf of Themselves, All Others Similarly Situated and the General Public, | : : | CASE NO. 1:11-cv-226 (Judge Timothy S. Black) |
| Plaintiffs, | : : | **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| v. | : | |
| THE PROCTER & GAMBLE COMPANY, | : | |
| Defendant. | | |

WHEREAS, Plaintiffs Dino Rikos, Tracey Burns, and Leo Jarzembrowski ("Plaintiffs") and Defendant The Procter & Gamble Company ("Defendant") (collectively "Parties") believe that certain information may be sought through discovery requests or otherwise in the above-entitled action that will involve the disclosure of commercially sensitive, business proprietary, and confidential information, including but not limited to trade secrets, proprietary formulas and products, testing data, strategic plans, sales, financial information, manufacturing, or other competitive and/or confidential information; and

WHEREAS, the Parties have stipulated to entry of this Stipulated Protective Order and Confidentiality Agreement ("Protective Order") pursuant to Federal Rule of Civil Procedure Rule 26(c) to prevent the inappropriate use and disclosure of such commercially sensitive, business proprietary, and confidential information.

IT IS HEREBY ORDERED as follows:

{00053037.V1}

1. This Protective Order governs the pre-trial use and handling of documents, electronic information, testimony, written discovery, and other information, including all copies, excerpts, summaries and compilations thereof ("Discovery Materials") produced or given by any Party to this case, captioned as *Dino Rikos v. The Procter & Gamble Company*, Case No. 1:11-cv-226 ("Action"), or any other person or entity ("Producing Party") in this Action.

<u>Designation of Discovery Materials Subject to This Protective Order</u>

2. This Protective Order creates two categories of confidentiality.  A Producing Party may designate Discovery Materials produced, used or disclosed in connection with the Action as (i) "CONFIDENTIAL" or (ii) "HIGHLY CONFIDENTIAL."  The Producing Party may designate the confidentiality category for Discovery Materials that, directly or indirectly, reveal such commercially sensitive, business proprietary and confidential information, subject to the terms and conditions of this Protective Order.  Absent a specific order by this Court, such Discovery Materials, once designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," shall be used by the Parties to the Action solely in connection with this Action, and not for any business, competitive, governmental, cause-oriented, advocacy, personal, public or other purpose or function, and such information shall not be disclosed to or used by anyone except as provided in this Protective Order.  The designation of any Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order shall constitute the verification of the Producing Party and its counsel that they reasonably and in good faith believe that the Discovery Materials contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

3. **<u>"CONFIDENTIAL" DEFINITION AND GOOD FAITH BELIEF:</u>**
Discovery Materials designated "CONFIDENTIAL" refers to information that a Producing Party

believes in good faith constitutes, contains or refers to information that is not available to or accessible by the general public, or that is to be kept confidential due to preexisting obligations. Discovery Materials that may be designated as "CONFIDENTIAL" include but are not limited to:  medical records; historical business plans and strategies; historical competitive analyses; historical formulas and formulations of products; historical market research; or historical financial information.

4.  **"HIGHLY CONFIDENTIAL" DEFINITION AND GOOD FAITH**

**BELIEF**:  Discovery Materials designated "HIGHLY CONFIDENTIAL" are included within the meaning of "CONFIDENTIAL" and refer to information that a Producing Party believes in good faith constitutes, contains or refers to  extremely sensitive information that is not available to or accessible by the general public or to any third party, including competitors, other than those third parties who have the information as a result of a direct business relationship with Defendant, or that is to be kept confidential due to preexisting obligations, and which contains business or financial information, other confidential commercial or technical information, or information that, if disclosed to a business competitor, is likely to create a substantial risk of serious damage to the Producing Party's competitive position.  By way of example and not limitation, this category of information may include current business plans and strategies; current market research, including but not limited to market research supporting current business plans and strategies; certain types of current financial information; current business operation plans (including sales and marketing); or other extremely sensitive confidential commercial or technical information that, if disclosed to a business competitor, is likely to create a substantial risk of serious damage to the Producing Party's competitive position.  The parties acknowledge that the designation of "HIGHLY CONFIDENTIAL" relates primarily to current information,

{00053037.V1}                    3

and that information marked "HIGHLY CONFIDENTIAL" will no longer be "HIGHLY CONFIDENTIAL" with the passage of time.

5. **DESIGNATING TANGIBLE DISCOVERY MATERIALS AS "CONFIDENTIAL"**: In the case of documents or other tangible materials, a designation of "CONFIDENTIAL" shall be made by marking or stamping the data or each page or individual item with the appropriate designation in a manner that will not interfere with its legibility. Designations of tangible materials as "CONFIDENTIAL" should not be over-inclusive such that an entire document is designated as "CONFIDENTIAL" when only portions are appropriately so designated.

6. **DESIGNATING TANGIBLE DISCOVERY MATERIALS AS "HIGHLY CONFIDENTIAL"**: In the case of documents or other tangible materials, a designation of "HIGHLY CONFIDENTIAL" shall be made by marking or stamping the data or each page or individual item with the appropriate designation in a manner that will not interfere with its legibility. Designations of tangible materials as "HIGHLY CONFIDENTIAL" should not be over-inclusive such that an entire document is designated as "HIGHLY CONFIDENTIAL" when only portions are appropriately so designated.

7. **DESIGNATING DEPOSITION TESTIMONY OR EXHIBITS AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"**: In the case of depositions, testimony may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" orally on the record during the deposition or in writing after receipt of the certified transcript by the Parties, in accordance with the procedures set forth below.

a.     Subject to the good faith belief requirements described above, deposition testimony, along with associated exhibits, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" orally and on the record during the deposition.  This will serve to provisionally designate the entirety of the testimony ("Provisional Designation").  Provisional Designations of testimony and of Discovery Materials that do not already bear a "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" production stamp shall remain in effect for thirty (30) days from receipt of the certified transcript of the deposition.  In order to maintain any designation, on or before the expiration of those thirty (30) days, the Producing Party (or Party defending the deposition) shall by written notice to all Parties, designate exhibits by their exhibit numbers and portions of transcripts of depositions or other testimony by reference to the page being designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" ("Final Designation").  If no action is taken to narrow a Provisional Designation or affirmatively assert that the Provisional Designation should become the Final Designation before the expiration of those thirty (30) days, any designated testimony and exhibits will not be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," under the terms of this Order.  No Party shall unreasonably reject a Producing Party's request made in good faith for additional time to make Final Designations.  Designations of deposition exhibits and/or testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" should not be over-inclusive such that entire transcripts and their exhibits are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" when only portions are appropriately so designated.  Exhibits must be evaluated individually.

b.     In addition to any portions of a deposition designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the record of the deposition, a party

shall have thirty (30) days after receiving a copy of the certified deposition transcript in which to designate all or specific portions of the transcript in writing as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If within the thirty (30) days no party designates in writing or has designated orally on the record certain portions of the transcript (subject to the provisions set forth in the paragraph above) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Parties shall be permitted to use such portions of the transcript, and the information contained therein, with no restrictions of confidentiality.

        c.     Any transcript containing Discovery Material designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," including exhibits, shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION," or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION," and the portions of the transcript or exhibits reflecting such information shall be stamped "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL," and access thereto shall be limited pursuant to the terms of this Protective Order.

        8.     **DESIGNATING EXPERT REPORTS AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL":** In the case of expert reports, if any Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Protective Order is specifically identified in, paraphrased, or attached to an expert's report, the report shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION," whichever is appropriate.

        9.     **FAILURE TO DESIGNATE DISCOVERY MATERIALS AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL":** The failure of a Party to designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not be

deemed a waiver of a claim of confidentiality or privilege, and the failure to object to such a designation shall not preclude a Party from subsequently designating or objecting to the designation of such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The correction to the designation shall be made promptly, and in writing and accompanied by the properly-marked substitute copies.  Within seven (7) days of receiving the substitute copies, the Party receiving them ("Receiving Party") shall return or destroy (and so certify in writing to the Designating Party) the previously unmarked or mismarked Discovery Materials (and all copies distributed to any person, including those authorized to have access under the new designation) and shall make a good faith effort to retrieve such Discovery Materials (and return or destroy such Discovery Materials) if they were disclosed to persons not permitted by this Protective Order under the corrected designation.  The Parties understand that a Party's failure to designate information or documents as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within the time specified in this Protective Order relieves the other Party of any obligation of confidentiality until the designation is actually made.  Regardless of whether or when replacement copies are provided, however, all Parties shall treat the Discovery Materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" upon receipt of the written notification provided pursuant to this Paragraph (and subject to Paragraph 4 above regarding the designation of materials as "HIGHLY CONFIDENTIAL").

10.     Nothing in this Protective Order shall preclude the disclosure or use of Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" if:

a.     The Producing Party agrees, or the Court rules, that such information is in the public domain at the time of disclosure; or

{00053037.V1}                          7

b.     The Producing Party agrees, or the Court rules, that such information becomes part of the public domain through no fault of the Receiving Party, its counsel, or any independent expert retained on behalf of the Receiving Party or any person to whom disclosure is permitted pursuant to Paragraphs 11 or 12 of this Protective Order; or

c.     The Producing Party agrees, or the Court rules, that such information was in the rightful and lawful possession of the Receiving Party at the time of disclosure on a non-confidential basis from a source other than the Producing Party, provided that such source is not bound by a confidentiality agreement with the Producing Party; or

d.     The information is lawfully received by the Receiving Party at a later date from a Party without restriction as to disclosure, provided such Party has the right to make the disclosure to the Receiving Party.

**Persons Entitled to Receive or Use Discovery Materials Subject to This Protective Order**

11.     **"HIGHLY CONFIDENTIAL" QUALIFIED PERSONS:** Any Discovery Materials designated as "HIGHLY CONFIDENTIAL" shall be used by the Receiving Party solely for the purpose of preparation or trial of this Action and for no other purpose whatsoever, and shall not be disclosed to or used by any person[1] other than:

a.     Outside counsel of record for the Parties, in-house counsel for the Parties, and employees of such counsel and law firms to whom it is necessary that the information be disclosed in this Action, including partners, associates, paralegals, secretaries and clerks;

---

[1] "Person" means natural persons, corporations, partnerships, joint ventures, unincorporated associations, and all other entities.

{00053037.V1}                    8

b.      The Court, including court personnel (*e.g.*, secretaries, staff, stenographers and all other persons retained to assist the Court in its duties) and any court exercising appellate jurisdiction over this Action, and stenographers and court reporters transcribing testimony or argument at trial or a deposition;

c.      Independent experts or consultants employed by the Parties, including investigators, and advisors who are qualified by knowledge, skill, experience, training or education and retained or utilized by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed;

d.      Special masters, mediators or settlement facilitators engaged by the Parties or appointed by the Court to provide services related to settlement discussions regarding this Action, and to whom it is necessary that the information be disclosed;

e.      Document contractors, electronic discovery contractors, exhibit contractors, litigation support services, graphic art contractors or jury consultants who are engaged by outside counsel to assist in the preparation or trial of this Action, and to whom it is necessary that the information be disclosed;

f.      Actual or potential fact witnesses or deposition witnesses who are former employees of Defendant, to the extent the Discovery Material was authored by or addressed to the person or it is reasonably believed, prior to disclosing the Discovery Material, that such person is has knowledge of such information or the contents of the Discovery Material;

g.    Defendant, including officers, directors or employees of Defendant, provided that the Discovery Material was authored by or addressed to the officers, directors or employees of Defendant;

h.    Persons from whom deposition testimony is taken or is scheduled to be taken in the Action, provided that such disclosure or access is reasonably necessary to the prosecution or defense of this Action, and provided that information designated "HIGHLY CONFIDENTIAL" may be disclosed to such persons only in the preparation for, review of, or in the course of his or her testimony, and that such person shall not retain such information designated "HIGHLY CONFIDENTIAL" after his or her testimony is concluded; and

i.    Such other persons as the counsel of record for the Producing Party shall consent to in writing before the proposed disclosure.  The Parties shall identify in writing the documents or information for which consent is given.

12.    **"CONFIDENTIAL" QUALIFIED PERSONS:**  Discovery Materials designated as "CONFIDENTIAL" shall be used by the Receiving Party solely for the purpose of preparation and trial of this Action and for no other purpose whatsoever, and shall not be disclosed to or used by any person other than:

a.    Outside counsel of record for the Parties, in-house counsel for the Parties, and employees of such counsel and law firms to whom it is necessary that the information be disclosed in this Action, including partners, associates, paralegals, secretaries and clerks;

b.     The Court, including court personnel (*e.g.*, secretaries, staff, stenographers and all other persons retained to assist the Court in its duties) and any court exercising appellate jurisdiction over this Action, and stenographers and court reporters transcribing testimony or argument at trial or a deposition;

c.     Independent experts or consultants employed by the Parties, including investigators, and advisors who are qualified by knowledge, skill, experience, training or education and retained or utilized by outside counsel to assist in the preparation or trial of this Action and to whom it is necessary that the information be disclosed;

d.     Special masters, mediators or settlement facilitators engaged by the Parties or appointed by the Court to provide services related to settlement discussions regarding this Action, and to whom it is necessary that the information be disclosed;

e.     Document contractors, electronic discovery contractors, exhibit contractors, litigation support services, graphic art contractors or jury consultants who are engaged by outside counsel to assist in the preparation or trial of this Action, and to whom it is necessary that the information be disclosed;

f.     Actual or potential fact witnesses or deposition witnesses who are current or former employees of Defendant, to the extent the Discovery Material was authored by or addressed to the person or it is reasonably established, prior to disclosing the Discovery Material, that such person is potentially knowledgeable of such information or the contents of the Discovery Material;

{00053037.V1}                    11

g. The Defendant, including officers, directors or employees or former employees of the Defendant, provided that such disclosure or access is reasonably necessary to the prosecution or defense of this Action;

h. Persons from whom deposition testimony is taken or is scheduled to be taken in the Action, provided that counsel can establish that such disclosure or access is reasonably necessary to the prosecution or defense of this Action, and provided that information designated "CONFIDENTIAL" may be disclosed to such persons only in the preparation for, review of, or in the course of his or her testimony, and that such person shall not retain such information designated "CONFIDENTIAL" after his or her testimony is concluded; and

i. Such other persons as the counsel of record for the Producing Party shall consent to in writing before the proposed disclosure. The Parties shall identify in writing the documents or information for which consent is given.

13. **EXECUTING THE ACKNOWLEDGEMENT:** Before any person listed above in Paragraphs 11(c)-(i) or 12(c)-(i) is given access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that person must read and agree in writing, by signing the acknowledgement form in Exhibit A attached hereto, to be bound by the provisions of the Protective Order.

14. For such time as any Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are disclosed in a deposition, either Party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Protective Order.

{00053037.V1}                    12

15. Nothing in this Protective Order prevents a Producing Party's own employees or representatives from viewing or being shown Discovery Materials designated by that Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In these circumstances, such persons do not need to execute a declaration.

16. Parties who make "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials available to persons set forth in Paragraphs 11 or 12 above shall be responsible for limiting distribution thereof to those persons authorized under this Protective Order, and such parties shall be prepared to account for the disposition and use of these materials by those persons. All copies or duplications of, and information derived from (including but not limited to notes, summaries or memoranda), Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be subject to the same restrictions imposed herein on original Discovery Materials.

## Treatment of Discovery Materials Subject to This Protective Order

17. All persons who receive or have knowledge of Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall exercise reasonable and appropriate care with respect to the storage, custody, and use of such information to ensure that the confidentiality of such information is maintained and secured.

18. **TREATMENT DURING HEARINGS AND TRIAL:** This Protective Order does not control the disclosure or use of any evidence during the trial or any hearing in open court of this Action. In the event that the case proceeds to trial or any evidentiary hearing, all Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall become public unless a motion is filed in advance of the trial or hearing and the moving

{00053037.V1}                    13

Party demonstrates sufficient cause to maintain the confidentiality of specific documents or information. Counsel for the Parties agree to confer in good faith about procedures for handling Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" during trial or any hearing in open court of this Action, including the possibility of an additional Order. All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information not introduced as evidence at trial or a hearing shall be governed pursuant to the terms of this Order.

### Filing Under Seal

19.    Any Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," including any document or portion of a document referring in any way to such confidential Discovery Materials, may be filed under seal in accordance with S.D. Ohio Local Rule 79.3. Any document filed under seal with the Court shall be filed in a separate, sealed envelope on which shall be endorsed the title of the action, the case number, the nature of the contents of the envelope, the word, "CONFIDENTIAL," and the following (or similar) statement: "FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER (Dkt. No. ___), dated _____."

20.    Notwithstanding the terms of this Protective Order, this Protective Order does not affect the rights of a Party that produced Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to use or disclose its own such documents or testimony.

### Responses to Subpoenas or Other Process

21.    In the event that any Party to the Protective Order is served with a subpoena or other notice compelling the production of Discovery Materials produced by another

{00053037.V1}                    14

Party, the Party receiving the request shall not, to the extent permitted by applicable law, provide or otherwise disclose such document or information until fourteen (14) days after notifying counsel for the original Producing Party in writing of all of the following:  (1) the information and documentation that is requested for production in the subpoena; (2) the date, time and place designated for compliance with the subpoena; (3) the identity of the party serving the subpoena; and (4) the case name and number, jurisdiction, or other information identifying the litigation or other proceeding in which the subpoena has been issued.  Upon receiving such notice, the original Producing Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

      22.     In the event that any Party to the Protective Order issues a subpoena to a third party and that third party's response in compliance with the subpoena may require the production of Discovery Materials that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the Parties agree that the terms of this Protective Order will apply to the production of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Materials, as designated by the third party.

## Disclosures to Non-Qualified Persons

      23.     If Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure must as soon as practicable bring all pertinent facts relating to such disclosure to the attention of counsel of record for all interested parties and, without prejudice to other rights and remedies of the Producing Party or Designating Party, shall make all reasonable efforts to prevent further disclosure by it or by the person receiving such information, including the return of the Discovery Materials (and all copies).

{00053037.V1}                15

24.    **INADVERTENT DISCLOSURE / CHALLENGING**

**DESIGNATIONS:** The disclosure during discovery of any attorney-client privilege or the attorney work product doctrine or other protected or immune material (including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") shall not be deemed an automatic waiver of privilege, work product, confidentiality or other protection or immunity as to either the subject matter of the Discovery Material or as to related documents or communications.  Whether a waiver has occurred will be determined by reference to applicable state and federal law, including Fed. R. Evid. 502(b).  Upon notice of the disclosure, all recipients of the disclosed Discovery Materials shall return, sequester or destroy them (and all copies) and must not use the disclosed Discovery Materials (or information in them) until the claim is resolved. Notwithstanding the foregoing, a recipient of the disclosed Discovery Materials may use and retain the disclosed Discovery Materials for the sole purpose of challenging the designation of any attorney-client privilege, work product or other protection or immunity by the Producing Party.  The recipient shall have fourteen (14) days from receiving the notice of the disclosure to file a motion with the Court challenging the designation.  After fourteen (14) days, if no motion is filed with the Court challenging the designation, then all recipients of the disclosed Discovery Materials shall return or confirm the destruction of any remaining copies and take affirmative action to ensure that no copies of the Discovery Materials are retained by the Receiving Party.

25.    If portions of documents are redacted for privilege or for any other reason, the Producing Party shall mark every page or significant component that contains privileged or redacted information with the "PRIVILEGED" and/or "REDACTED" stamp.  Redactions must be logged in a privilege log or redaction log and must remove only the part(s) of a document that are claimed to be privileged or protected from disclosure.

## Challenging Designations

26.     Any Party may challenge or dispute the designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by providing written notice to counsel for the Producing Party that it objects to the designation. The notice shall specifically identify the Discovery Material in dispute and the specific reasons for the challenge to the designation. The Parties shall meet and confer in good faith in an attempt to resolve the dispute. If the Parties are unable to resolve the dispute, the Requesting Party may make a motion to the Court for an order covering the designated information. The information which is the subject of such dispute shall continue to be treated as previously designated and subject to this Protective Order pending the outcome of such motion. The burden of establishing the propriety of the designation of the Discovery Materials shall be consistent with applicable federal or state law.

27.     If any person violates or threatens to violate the terms of this Protective Order, the aggrieved Party may apply immediately to this Court to obtain injunctive relief against any such violation or threatened violation; and, if the aggrieved Party shall do so, the respondent, subject to this Protective Order, shall not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

## Miscellaneous Provisions

28.     Counsel of record for the Party disclosing Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to Paragraphs 11 and 12 above shall retain copies of the executed declarations (in the form of Exhibit A, attached).

29.     **RETURN OR DESTROY "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" INFORMATION UPON CONCLUSION OF THE ACTION:** Unless

otherwise permitted, and upon written request by the Producing Party, within sixty (60) days after the conclusion of this Action, including all appeals, the originals and all copies of Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that are in the possession, custody, or control of the Parties, and persons to whom they have disclosed such Discovery Materials (which should be limited to those persons authorized by Paragraphs 11 and 12) shall be destroyed or returned to counsel for the Producing Party, at the option of the Receiving Party.  However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes only; those materials shall not be disclosed to anyone.  Upon request, a Party and its counsel shall separately provide written certification to the Producing Party that the actions required by this Paragraph have been completed.

30.     Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to a Party with respect to this Action and, in the course thereof, referring to or relying in a general way upon examination of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  Nonetheless, in rendering such advice and in otherwise communicating with a Party, such counsel shall not disclose the contents of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information contrary to the terms of this Protective Order.

31.     This Protective Order shall survive termination of this Action, and the Court retains jurisdiction over disputes regarding compliance with this Protective Order, as well as any person subject to the Protective Order.

{00053037.V1}                    18

32.     The terms of this Protective Order shall apply to all manners and means of discovery, including entry onto land or premises and inspection of books, records, computers, electronic files, documents and tangible things.

33.     The acceptance of any information designated pursuant to this Protective Order constitutes an admission or acknowledgement that the Discovery Material so designated is in fact commercially sensitive, business proprietary, or confidential information.

34.     This Protective Order is being entered without prejudice to the right of any Party for good cause shown to move this Court for modification of or relief from any of its terms, or to seek relief from the Court to declassify information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

35.     Any person subject to the provisions of this Protective Order agrees to be subject to the restrictions imposed by this Protective Order and to subject his or her person to the jurisdiction of the above-entitled court for the limited purpose of securing compliance with the terms of this Protective Order.

36.     Unless otherwise designated, all references to "days" in this Protective Order shall be construed as calendar days.  If the last day of the period falls on a Saturday, Sunday or legal holiday, the due date is the next business day.

37.     Written notice provided under this Protective Order shall be by way of regular U.S. mail and electronic mail to all counsel of record for the Party to whom notice is required to be given.  Written notice shall be considered effective as of the date received by the

Receiving Party by electronic mail or on the date on which the Receiving Party's office receives the notice sent by U.S. mail, whichever is earlier.

38.     This Protective Order shall apply to Discovery Materials examined or produced prior to the signing of this Protective Order by the Court.

39.     This Protective Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the Parties, collectively shall be deemed to be the original.

40.     If any Party or counsel for a Party is no longer a Party to or counsel for this Action for any reason, the Party or counsel for the Party continues to be bound by the terms and conditions of this Protective Order.

SO ORDERED THIS ___4TH___ DAY OF DECEMBER, 2012

_Timothy S. Black_____

UNITED STATES DISTRICT JUDGE

THIS PROTECTIVE ORDER IS STIPULATED AND
AGREED BY:

DATED:  December 3, 2012


/s/ Thomas J. O'Reardon (per email consent)
Ronald R. Parry (0038027)
Dana E. Deering (0067856)
David A. Futscher
PARRY DEERING FUTSCHER & SPARKS
411 Garrard Street
Covington, KY 41011
Telephone:  (859) 291-9000
Facsimile:  (859) 291-9300
Email: rparry@pdfslaw.com


Timothy G. Blood
Leslie E. Hurst
Thomas J. O'Reardon
BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1550
San Diego, CA  92101
Telephone: (619) 338-1100
Fax: (619) 338-1101


Andrew S. Friedman
Elaine A. Ryan
Patricia N. Syverson
BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  (602) 274-1100
Facsimile:  (602) 274-1199


Craig M. Nicholas
Alex M. Tomasevic
NICHOLAS & BUTLER, LLP
225 Broadway, 19th Floor
San Diego, CA  92101
Telephone:  (619) 325-0492
Facsimile: (619) 325-0496


/s/ D. Jeffrey Ireland
D. Jeffrey Ireland (0010443)
Brian D. Wright (0075359)
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH  45202
Telephone:  (513) 632-0310
Facsimile:  (513) 632-0319
Email:  djireland@ficlaw.com


Joanne Lichtman
Nicole A. Skolout
BAKER HOSTETLER LLP
555 South Flower Street, Suite 4200
Los Angeles, CA  90071
Telephone:  (310) 442-8800
Facsimile:  (310) 820-8859


Gilbert S. Keteltas
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Telephone:  (202) 861-1530
Facsimile:  (202) 861-1783


Attorneys for Defendant
The Procter & Gamble Company

MORGAN & MORGAN, P.A.
J. ANDREW MEYER
RACHEL L. SOFFIN
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone:  813/223-5505
813/223-5402 (fax)
ameyer@forthepeople.com
rsoffin@forthepeople.com

O'BRIEN LAW FIRM, PC
EDWARD K. O'BRIEN
One Sundial Avenue, 5th Floor
Manchester, NH 03103
Telephone: 603/668-0600
603/672-3815 (fax)
eobrien@ekoblaw.com

Attorneys for Plaintiffs

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DINO RIKOS, TRACEY BURNS, and LEO JARZEMBROWSKI, On Behalf of Themselves, All Others Similarly Situated and the General Public, | : | CASE NO. 1:11-cv-226 |
| | : | (Judge Timothy S. Black) |
| | : | |
| Plaintiffs, | : | **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| v. | : | |
| THE PROCTER & GAMBLE COMPANY, | : | |
| Defendant. | : | |

I, _____, certify that:

I have received and carefully read a copy of the Stipulated Protective Order issued by this

Court in the above-captioned lawsuit ("Action"). I understand and am familiar with the terms

and conditions of the Protective Order. I agree to comply with and to be bound by each of the

terms and conditions of the Protective Order. I agree to hold in confidence, in accordance with

the requirements of the Protective Order, any information or document disclosed to me pursuant

to the Protective Order that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

I agree that any and all information or documents disclosed to me will be used solely in

connection with this Action, and not for any business, competitive, governmental, cause-

oriented, advocacy, personal or any other purpose or function. I submit myself to the jurisdiction

of the United States District Court for the Southern District, Western Division (Cincinnati) for

the limited purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Protective Order.

I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies, other reproductions thereof made by me, for me, or at my direction or any information derived therefrom (such as memoranda or work notes), in a secure container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order.  I understand that all such materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me.  I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed.  I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

_____
[Name of Person]

674508.1

{00053037.V1}                    2