UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DINO RIKOS *et al.* On Behalf of Themselves, All Others Similarly Situated and the General Public, | : : : |
| | Case No. 1:11-cv-226 |
| Plaintiffs, | : : Judge Timothy S. Black |
| vs. | : : |
| THE PROCTER AND GAMBLE COMPANY, | : : : |
| Defendant. | : |

**ORDER THAT DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(c) AND MOTION TO DISMISS PURSUANT TO RULE 12(h)(3) AS TO CERTAIN CLAIMS ONLY (Doc. 90) IS GRANTED**

This case is before the Court on Defendant's motion for partial judgment on the pleadings pursuant to Rule 12(c) and motion to dismiss pursuant to Rule 12(h)(3) as to certain claims only (Doc. 90) and the parties' responsive memoranda. (Docs. 92, 93).

**I. BACKGROUND FACTS**

On May 4, 2011, this Court granted in part and denied in part Defendant's motion to dismiss plaintiff Rikos's First Amended Complaint. (Doc. 28). The Court dismissed only Rikos's claim for injunctive relief under the UCL. As to that claim, the Court found that Rikos lacked standing under Article III to pursue injunctive relief "and Plaintiff fails to produce any authority to the contrary." (*Id*. at 13).

On August 14, 2012, the Court granted Plaintiffs leave to file a Second Amended Complaint ("SAC"). (Doc. 84). Plaintiffs filed the SAC on August 17, 2012. (Doc. 85). Defendant answered on September 4, 2012. (Doc. 86). As in the First Amended Class Action Complaint, Plaintiffs allege in the SAC that Defendant's labeling and advertising claims for its probiotic supplement, Align with Bifantis ("Align"), are false and misleading. Plaintiffs claim that they relied on the allegedly false advertisements in purchasing Align from various grocery and drug stores, and suffered injuries as a result. (Doc. 85 at 10-12).

Pursuant to Fed. R. Civ. P. 12(c) and 12(h)(3), Defendant now moves to dismiss the following claims from the SAC: (1) Plaintiffs Rikos's and Jarzembrowski's claims for injunctive relief (Doc. 85 at ¶¶ 58, 105); (2) Plaintiff Burns's claims under Fla. Stat. §§ 817.411, 817.4115, 817.412, 817.413, 817.415, 817.416, 817.43, 817.44, 817.45, and 817.47 (Doc. 85 at ¶ 86); (3) Plaintiff Jarzembrowski's claim that P&G violated N.H. Rev. Stat. Ann. § 638:6 and that those violations constitute independent violations under the New Hampshire Consumer Protection Act ("CPA") (Doc. 85 at ¶ 102); and (4) Plaintiff Rikos's predicate claim under the UCL "unlawful" prong for constructive fraud pursuant to Cal. Civ. Code § 1573 (Doc. 85 at ¶ 65).

II. **STANDARD OF REVIEW**

"The same pleading requirements apply to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for judgment under the pleadings pursuant to rule 12( c)."

*James v. Johnson & Johnson*, No. 3:09 cv 40073, 2011 U.S. Dist. LEXIS 142749, at *3 (N.D. Ohio Dec. 12, 2011). The Court must "construe[] the complaint in a light most favorable to the plaintiff, accept[] all factual allegations as true, and determine[] whether the complaint states a plausible claim for relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012) (citation omitted).

The Sixth Circuit has "applied the now-familiar pleading requirements outlined in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] to Rule 12(c) motions and held that plaintiffs must 'plead . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *HDC, LLC*, 675 F.3d at 611 (quoting *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (internal citations and quotations omitted), cert denied, 131 S. Ct. 1047 (2011)). "When considering a Rule 12(c) motion, th[e] Court 'need not accept as true legal conclusions or unwarranted factual inferences.'" *HDC, LLC*, 675 F.3d at 611 (quoting *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)).

Further, pursuant to Rule 12(h)(3), the Court must dismiss, at any time, claims over which it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008) ("Subject matter jurisdiction may be raised at any stage in the proceedings.").

### III. ANALYSIS

#### A. Unopposed Claims

In their memorandum contra, Plaintiffs do not oppose dismissal of the following claims:

1. Plaintiff Rikos's claim for injunctive relief (Doc. 85 at ¶ 58);

2. Plaintiff Burns's claims under Fla. Stat. §§ 817.411, 817.4115, 817.412, 817.413, 817.415, 817.416, 817.43, and 817.47 (Doc. 85 at ¶¶ 86); and

3. Plaintiff Rikos's UCL predicate claim for constructive fraud pursuant to Cal. Civ. Code § 1573. (Doc. 85 at ¶ 65).

By not opposing Defendant's motion as to these claims, Plaintiffs have waived any opposition to their dismissal. *See Humphrey v. United States Attorney Gen's. Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument is grounds for the district court to assume opposition to the motion is waived and to grant the motion). The claims listed above are therefore dismissed.

#### B. Plaintiff Burns's Claims Under Fla. Stat. §§ 817.44 and 817.45

Fla. Stat. § 817.44 provides:

It is unlawful to offer for sale or to issue invitations for offers for the sale of any property, real or personal, tangible or intangible, or any services, professional or otherwise, by placing or causing to be placed before the general public, by any means whatever, an advertisement describing such property or services as part of a plan or scheme with the intent not to sell such property or services so advertised, or with the intent not to sell such property or services at the price at which it was represented in the advertisement to be available for purchase by any member of the general public.

According to the Florida Court of Appeals, the definition of "misleading advertising" of the type alleged in this case and found elsewhere in Florida statutory law has no application to section 817.44's prohibition on "false advertising."[1] *Samuels v. King Motor Co.*, 782 So. 2d 489, 497 (Fla. Dist. Ct. App. 2001). In *Samuels*, the court found that the plaintiffs had not stated a claim for false advertising under section 817.44 where the defendants did not abide by the terms stated in the Buyer's Order because this allegation did not bear any relationship to advertising property for sale with no intention to sell it or no intention to sell it for the advertised price. *Id.*

The same is true in the case at hand, as there is no allegation that Defendant advertised Align without intending to sell it or with the intent to see it at a price different from the one advertised. On the contrary, Plaintiff Burns alleges she purchased the product on multiple occasions and alleges nothing improper with regard to the price she paid. (Doc. 85 at ¶ 11). The text of section 817.44 and the case law make the meaning of the statute clear, and Plaintiff Burns alleges no conduct on the part of Defendant in violation of it.

---

[1] *See* Fla. Stat. § 817.40(5) ("The phrase 'misleading advertising' includes any statements made, or disseminated, in oral, written, or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services."); Fla. Stat. § 817.41(l) ("It shall be unlawful for any person to make or disseminate or cause to be made or disseminated before the general public or the state, or any portion thereof, any misleading advertisement.").

Fla. Stat. § 817.45 is a criminal statute that provides that any person convicted of violating certain sections of misleading advertising statutory law is guilty of a first degree misdemeanor and sets forth the penalties for such a violation. Plaintiff Burns does not allege that Defendant has been charged with or convicted of violating Florida law. As a private plaintiff, she cannot enforce any of the provisions or penalties set forth in Section 817.45. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law). This section is inapplicable to the present action and cannot be enforced by Plaintiff Burns.

Plaintiff Burns's claims under Fla. Stat. §§ 817.44 and 817.45 are therefore dismissed.

### C. Plaintiff Jarzembrowski's Claim Under N.H. Rev. Stat. Ann. § 638:6 and the New Hampshire CPA

As Plaintiff Jarzembrowski concedes, he cannot assert a claim against Defendant under N.H. Rev. Stat. Ann. § 638:6 as it is also a criminal statute that does not provide for a private right of action. An act is prohibited under the New Hampshire CPA if it falls into one of the enumerated provisions of the statute, or if it rises to "a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *ACAS Acquisitions (Precitech) Inc. v. Hobert*, 923 A.2d 1076, 1094 (N.H. 2007); see *Beer v. Bennett*, 993 A.2d 765, 769 (N.H. 2010) ("The rascality test is used to determine 'which commercial actions, not specifically delineated, are covered by the [CPA].'") (alteration in original) (quoting *ACAS Acquisitions*, 923 A.2d at 403).

Plaintiffs have neither argued that Defendant's conduct independently violates the New Hampshire CPA under the rascality test nor cited to any authority demonstrating that a violation of the CPA can be predicated on a violation of another statute, let alone a criminal statute. The conduct prohibited by Rev. Stat. Ann. § 638:6 is already specifically prohibited under the enumerated provisions of the New Hampshire CPA. (Doc. 92 at 7-89); *see also* N.H. Rev. Stat. Ann. § 358-A:2(V), (VII), (IX). Plaintiff Jarzembrowski's claims relating to N.H. Rev. Stat. Ann. § 638:6 are therefore dismissed.

> **D. Plaintiff Jarzembrowski's Claim for Injunctive Relief Under the New Hampshire CPA**

On May 4, 2011, this Court dismissed Plaintiff Rikos's claims for injunctive relief, finding that he lacked standing under Article III because he could not demonstrate a threat of future injury and that the "standing of unnamed class members will not suffice to give the Court jurisdiction to grant injunctive relief." (Doc. 28 at 13); *see Lewis v. Casey*, 518 U.S. 343, 357 (1996) ("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.") (internal quotation marks and citation omitted).

The same analysis applies to bar Plaintiff Jarzembrowski's claim for injunctive relief under New Hampshire law. Because he is aware of Defendant's allegedly false advertising, Plaintiff Jarzembrowski has not alleged and cannot allege a threat of future

injury, which is a required element of Article III standing. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). As this Court has already found, state consumer protection laws cannot excuse a federal plaintiff from meeting the requirements of Article III. (Doc. 28 at 13). According to the Supreme Court, federal injunctive relief claims should be dismissed where there is no realistic likelihood that the plaintiff will be harmed by the challenged conduct in the future. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 (1983) (no standing to seek injunctive relief where the plaintiff was not "realistically threatened by a repetition of" a police officer's chokehold); *see also Lujan*, 504 U.S. at 564 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects,") (omission of text in original) (internal quotation marks and citations omitted). Plaintiff Jarzembrowski's allegations of injury are based on past purchases of Align and as he now alleges Defendant's advertisements were false, he will not purchase the product again in reliance on those advertisements.

Plaintiff Jarzembrowski's injunctive relief claim under the New Hampshire CPA is therefore dismissed.

## IV. CONCLUSION

Accordingly, based on the foregoing, Defendant's motion for partial judgment on the pleadings pursuant to Rule 12(c) and motion to dismiss pursuant to Rule 12(h)(3) as to certain claims only is hereby **GRANTED**. Specifically:

1. Defendant's motion to dismiss Plaintiffs Rikos's and Jarzembrowski's claims for injunctive relief (Doc. 85 at ¶¶ 58, 105) is **GRANTED**.

2. Defendant's motion for judgment on the pleadings as to Plaintiff Burns's claims under Fla. Stat. §§ 817.411, 817.4115, 817.412, 817.413, 817.415, 817.416, 817.43, 817.44, 817.45, and 817.47 (Doc. 85 at ¶ 86) is **GRANTED**.

3. Defendant's motion for judgment on the pleadings as to Plaintiff Jarzembrowski's claim that P&G violated N.H. Rev. Stat. Ann. § 638:6 and that those violations constitute independent violations under the New Hampshire Consumer Protection Act ("CPA") (Doc. 85 at ¶ 102) is **GRANTED**.

4. Defendant's motion for judgment on the pleadings as to Plaintiff Rikos's predicate claim under the UCL "unlawful" prong for constructive fraud pursuant to Cal. Civ. Code § 1573 (Doc. 85 at ¶ 65) is **GRANTED**.

**IT IS SO ORDERED.**

Date: 1/30/13_____                          _____

    *s/ Timothy S. Black*
Timothy S. Black
United States District Judge