IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DINO RIKOS, TRACEY BURNS, and LEO JARZEMBROWSKI, on Behalf of Themselves, all Others Similarly Situated and the General Public, | : : | CASE NO. 1:11-cv-226 (Judge Timothy S. Black) |
| Plaintiffs, | : : | **SUPPLEMENTAL STIPULATED PROTECTIVE** |
| v. | | **ORDER** |
| THE PROCTER & GAMBLE COMPANY, | : : | |
| Defendant. | | |

WHEREAS, Plaintiffs Dino Rikos, Tracey Burns, and Leo Jarzembrowski ("Plaintiffs") have requested the production of certain documents and information concerning Align, a consumer product sold by Defendant The Procter & Gamble Company ("Defendant") (collectively "Parties"), and the only product at issue in this action, *Dino Rikos, et al. v. The Procter & Gamble Company*, Case No. 1:11-cv-226 ("Action");

WHEREAS, over the course of the review and production of electronic documents, Defendant has determined that responsive documents exist that contain a reference to Align, but also contain hundreds of pages of non-responsive information that refers to other consumer products sold by Defendant and that are not at issue in this Action ("Non-Responsive Information");

WHEREAS, the Non-Responsive Information may reasonably contain commercially sensitive, business and proprietary information about Defendant's products that are not at issue in this Action;

WHEREAS, the Parties entered into a Stipulated Protective Order and Confidentiality Agreement ("Stipulated Protective Order") pursuant to Federal Rule of Civil Procedure 26(f) to prevent, among other things, the inappropriate use and disclosure of commercially-sensitive, business, proprietary and confidential documents, testimony, or other information produced or given by any Party or other person or entity in this Action, and this Court signed the Stipulated Protective Order on December 4, 2012;

WHEREAS, Defendant represents that it would be unduly burdensome and expensive to require Defendant to redact all of the Non-Responsive Information from these documents;

WHEREAS, to avoid the burden and expense of redacting the Non-Responsive Information, the Parties determined that it is necessary and appropriate to supplement the Stipulated Protective Order to limit the use and disclosure of the Non-Responsive Information and to treat that information as if it had been redacted.

IT IS HEREBY ORDERED as follows:

1. **Incorporation of Stipulated Protective Order:** The Stipulated Protective Order is incorporated by reference into this Order, and the terms of the Stipulated Protective Order and this Order govern the pre-trial use and handling of documents, electronic information, testimony, written discovery, and other information, including all copies, excerpts, summaries and compilations thereof ("Discovery Materials") produced or given by any Party or any other person or entity ("Producing Party") in this Action. This Supplemental Stipulated Protective Order is intended to supplement the Stipulated Protective Order to create an additional category of information that will be produced but cannot be used in this Action or otherwise.

2. **Additional Designation of Discovery Materials Subject to the Stipulated Protective Order:** In addition to the two categories of confidentiality described in the Stipulated Protective Order, this Order creates an additional category of confidentiality. A Producing Party may designate Discovery Materials produced, used or disclosed in connection with this Action as "HIGHLY CONFIDENTIAL -- TREAT AS IF REDACTED." The Producing Party may designate Discovery Materials as "HIGHLY CONFIDENTIAL -- TREAT AS IF REDACTED" when the Discovery Materials directly reveal commercially-sensitive, business, proprietary and confidential information about Defendant's consumer products other than Align, i.e., Non-Responsive Information. A non-exclusive list of such Non-Responsive Information includes sales forecasts, eStore data, weekly sales data by store, channel objectives and strategies and global business unit financial information for Defendant's products unrelated to Align. Such information will be subject to the terms and conditions of this Supplemental Order and the Stipulated Protective Order.

3. **"HIGHLY CONFIDENTIAL -- TREAT AS IF REDACTED" Definition and Good Faith Belief:** Discovery Materials designated "HIGHLY CONFIDENTIAL -- TREAT AS IF REDACTED" are included within the meaning of "HIGHLY CONFIDENTIAL" consistent with the Stipulated Protective Order, and refer to documents that contain Non-Responsive Information, i.e., information that a Producing Party believes in good faith constitutes, contains or refers to Defendant's consumer products other than Align that is not available to or accessible by the general public or any third party, including competitors, other than those third parties that have the information as a result of a direct business relationship with Defendant, or that is to be kept confidential due to preexisting obligations, and which contains business or financial information, other confidential commercial

3

or technical information, or information that, if disclosed to a business competitor, is likely to create a substantial risk of serious damage to Defendant's competitive position.

4. **Restricted Use of "HIGHLY CONFIDENTIAL -- TREAT AS IF REDACTED" Discovery Materials:** Absent a specific order of this Court, any Discovery Materials designated as "HIGHLY CONFIDENTIAL -- TREAT AS IF REDACTED" shall be treated as "HIGHLY CONFIDENTIAL" consistent with the Stipulated Protective Order, and Non-Responsive Information shall not be used in any way by Plaintiffs (or any Party permitted to receive such information in accordance with the Stipulated Protective Order), including, but not limited to, in connection with this Action, any other current or future action against Defendant (or a related company), or for any business, competitive, governmental, cause-oriented, advocacy, personal, public or other purpose. However, this Supplemental Stipulated Protective Order does not in any way restrict use by the Receiving Party of responsive information (i.e., information about Align) contained in any Discovery Materials designated as "HIGHLY CONFIDENTIAL -- TREAT AS IF REDACTED" to the extent the responsive information is treated as "HIGHLY CONFIDENTIAL" consistent with the Stipulated Protective Order.

5. **Designating Tangible Discovery Materials as "HIGHLY CONFIDENTIAL -- TREAT AS IF REDACTED":** In the case of documents or other tangible materials, a designation of "HIGHLY CONFIDENTIAL -- TREAT AS IF REDACTED" shall be made by marking or stamping the data or each page or individual item with the appropriate designation in a manner that will not interfere with its legibility. Nothing in this Order prohibits the Producing Party from redacting nonresponsive information, when possible, from any Discovery Materials and producing such information as permitted pursuant to

4

the Stipulated Protective Order. Nothing in this Order prohibits the Producing Party from redacting privileged information.

        SO ORDERED THIS 27TH DAY OF JUNE, 2013

                    _Timothy S. Black_
                    UNITED STATES DISTRICT JUDGE

THIS PROTECTIVE ORDER IS STIPULATED AND
AGREED BY:

DATED: June 27, 2013

s/ Thomas J. O'Reardon/
(per email authorization BDW)
Ronald R. Parry (0038027)
Dana E. Deering (0067856)
David A. Futscher
PARRY DEERING FUTSCHER
& SPARKS
411 Garrard Street
Covington, KY 41011
Telephone: (859) 291-9000
Facsimile: (859) 291-9300
Email: rparry@pdfslaw.com

Timothy G. Blood
Leslie E. Hurst
Thomas J. O'Reardon
BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 338-1100
Fax: (619) 338-1101

Andrew S. Friedman
Elaine A. Ryan
Patricia N. Syverson
BONNETT, FAIRBOURN, FRIEDMAN &
BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: (602) 274-1100
Facsimile: (602) 274-1199

Craig M. Nicholas
Alex M. Tomasevic
NICHOLAS & BUTLER, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496

s/ Brian D. Wright
D. Jeffrey Ireland (0010443)
Brian D. Wright (0075359)
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, OH 45202
Telephone: (513) 632-0310
Facsimile: (513) 632-0319
Email: djireland@ficlaw.com

Joanne Lichtman
Nicole A. Skolout
BAKER HOSTETLER LLP
555 South Flower Street, Suite 4200
Los Angeles, CA 90071
Telephone: (310) 442-8800
Facsimile: (310) 820-8859

Gilbert S. Keteltas
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Telephone: (202) 861-1530
Facsimile: (202) 861-1783

Attorneys for Defendant
The Procter & Gamble Company

6

J. Andrew Meyer
Rachel L. Soffin
MORGAN & MORGAN, P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: 813/223-5505
813/223-5402 (fax)
ameyer@forthepeople.com
rsoffin@forthepeople.com

Edward K. O'Brien
O'BRIEN LAW FIRM, PC
One Sundial Avenue, 5th Floor
Manchester, NH 03103
Telephone: 603/668-0600
603/672-3815 (fax)
eobrien@ekoblaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on the 27th day of June, 2013, I submitted Supplemental Stipulated Protective Order to the Court, and I hereby certify that I have emailed the document to the following:

David A. Futscher
Ronald R. Parry
Dana E. Deering
PARRY DEERING FUTSCHER &
SPARKS, PSC
411 Garrard Street
PO Box 2618
Covington, KY 41011-2618

Timothy G. Blood
Leslie E. Hurst
Thomas J. O'Reardon, II
BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA 92101

Craig M. Nicholas
Alex M. Tomasevic
NICHOLAS & BUTLER, LLP
225 Broadway, 19th Floor
San Diego, CA 92101

J. Andrew Meyer
Rachel L. Soffin
MORGAN & MORGAN, P.A.
One Tampa City Center
201 N. Franklin St., 7th Floor
Tampa, FL 33602

Edward K. O'Brien
O'BRIEN LAW FIRM, PC
One Sundial Avenue, 5th Floor
Manchester, NH 03103

Andrew S. Friedman
Elaine A. Ryan
Patricia N. Syverson
BONNETT, FAIRBOURN,
FRIEDMAN & BALINT, P.C.
2325 E. Camelback Road
Suite 300
Phoenix, AZ 85016

Attorneys for Plaintiff

s/ Brian D. Wright
Brian D. Wright

8