IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| DINO RIKOS, TRACEY BURNS, and LEO JARZEMBROWSKI, On Behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | CASE NO. 1:11-cv-226<br><br>Judge Timothy S. Black<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS, PROVIDING FOR NOTICE AND <u>SCHEDULING ORDER</u>** |

WHEREAS, Plaintiff Dino Rikos, Tracey Burns and Leo Jarzembowski ("Plaintiffs"), on behalf of themselves and the Settlement Class Members, on the one hand, and Defendant The Procter & Gamble Company ("P&G" or "Defendant," which collectively with Plaintiffs are the "Parties"), on the other, have entered into a Settlement Agreement, filed herewith, after lengthy arms-length settlement discussions;

WHEREAS, the Court has received and considered the Settlement Agreement, including the accompanying Exhibits, which are incorporated by reference and an integral part of the Settlement Agreement;

WHEREAS, the Parties have made an application, pursuant to Federal Rules of Civil Procedure, Rule 23(e), for an order preliminarily approving the settlement of this Action, and for its dismissal with prejudice upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for same.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**I.     THE SETTLEMENT CLASS IS CERTIFIED**

1. Pursuant to Federal Rules of Civil Procedure, Rule 23, and for settlement purposes only, the Court hereby certifies this Action as a class action on behalf of the following Settlement Class:

> All persons who purchased within the United States and its territories P&G's Align, other than solely for purposes of resale, from March 1, 2009 to June 6, 2016. Excluded from the Settlement Class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely Request for Exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

2. With respect to the Settlement Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints Dino Rikos, Tracey Burns and Leo Jarzembowski, the Plaintiffs in the Action, as Class Representatives of the Settlement Class.

4. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints Timothy G. Blood and Thomas J. O'Reardon II of

Blood Hurst & O'Reardon, LLP as Class Counsel to represent the Settlement Class. Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel. All Settlement Class Members who do not enter an appearance will be represented by Class Counsel.

## II. THE SETTLEMENT IS PRELIMINARILY APPROVED AND FINAL APPROVAL SCHEDULE SET

1. The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, and hereby finds that the Settlement Agreement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the Settlement Agreement.

3. Pursuant to the Federal Rules of Civil Procedure, Rule 23(e) the Court will hold a settlement hearing (the "Final Approval Hearing") on April 16, 2018, at 10:00 a.m., in the Courtroom of the Honorable Timothy S. Black, United States District Court for the Southern District of Ohio, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Room 805, Cincinnati, Ohio 45202, for the following purposes:

　　(a) finally determining whether the Settlement Class meets all applicable requirements of Federal Rules of Civil Procedure, Rule 23 and, thus, the Settlement Class claims should be certified for purposes of effectuating the Settlement Agreement; determining whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement are fair, reasonable and adequate and should be approved by the Court;

(b) considering the application of Class Counsel for an award of Attorneys' Fees and Expenses as provided for under the Settlement Agreement;

(c) considering the application of Plaintiffs for service awards as provided for under the Settlement Agreement;

(d) considering whether the Court should enter the [Proposed] Final Judgment and Order Approving Settlement;

(e) considering whether the release by the Settlement Class Members of the Released Claims as set forth in the Settlement Agreement should be provided; and

(f) ruling upon such other matters as the Court may deem just and appropriate.

4. The Court may adjourn the Final Approval Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

5. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided thereunder. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Settlement Class Members.

6. Settlement Class Members must file and serve any objections to the proposed Settlement no later than thirty (30) days before the date first set for the Final Approval Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

7. Opening papers in support of the Settlement Agreement and any application for an award of Attorneys' Fees and Expenses and service awards for the Class Representatives must

be filed with the Court and served at least forty-five (45) days before the date first set for the Final Approval Hearing.

### III. THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

1. The Court approves, as to form and content, the proposed Notice of Class Action Settlement (the "Class Notice"), which forms are attached as Exhibits 4 and 5 to the Settlement Agreement.

2. The Court finds that the distribution of Class Notice substantially in the manner and form set forth in this Order and the Settlement Agreement meet the requirements of Federal Rules of Civil Procedure Rule 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

3. The Court approves the designation of KCC LLC to serve as the Court-appointed Settlement Administrator for the Settlement. The Settlement Administrator shall disseminate Class Notice and supervise and carry out the Class Notice procedure, the payment of Cash Refund awards, and other administrative functions, and shall respond to Settlement Class Member inquiries, as set forth in the Settlement Agreement and this Order under the direction and supervision of the Court.

4. Within thirty (30) days of this Order, the Settlement Administrator shall establish a Settlement Website, making available copies of this Order, the Third Amended Class Action Complaint, Class Notice, the Settlement Agreement and all Exhibits thereto, frequently asked questions, a toll-free hotline, and such other information as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

5. Within thirty (30) days of this Order, the Settlement Administrator is ordered to disseminate the Class Notice as provided for in the Settlement Agreement.

6. The costs of the Class Notice, processing and mailing Settlement Class Member cash awards, creating and maintaining the Settlement Website, and all other Settlement Administrator and Notice and Claim Administration Expenses shall be paid by P&G.

## IV. PROCEDURE FOR REQUESTING EXCLUSION FROM THE SETTLEMENT CLASS

1. Any person falling within the definition of the Settlement Class may, upon his or her request, be excluded from the Settlement Class. Any such person must submit a completed Request for Exclusion to the Clerk of the Court postmarked or delivered no later than 30 days before the date first set for the Final Approval Hearing (the "Opt-Out Date"), as set forth in the Settlement Agreement and Class Notice. The Request for Exclusion must be personally signed by the Settlement Class Member requesting exclusion and contain a statement that indicates a desire to be excluded from the Settlement Class. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed to be void.

2. All persons who submit valid and timely Requests for Exclusion shall have no rights under the Settlement Agreement and shall not be bound by the Settlement Agreement or the Final Judgment and Order Approving Settlement.

3. Any Settlement Class Member who does not send a completed, signed request for exclusion to the Clerk of the Court postmarked or delivered on or before the Opt-Out Date will be deemed to be a Settlement Class Member for all purposes and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court.

4. The Settlement Administrator shall provide copies of any requests for exclusion to Class Counsel and Defendant's Counsel as provided in the Settlement Agreement. A list

reflecting all timely Requests for Exclusions shall be filed with the Court by Defendant at or before the Final Approval Hearing.

## V. PROCEDURE FOR OBJECTING TO THE SETTLEMENT

1. Any Settlement Class Member who desires to object either to the Settlement Agreement, the award of Attorneys' Fees and Expenses, or the service awards for the Class Representatives must timely file with the Clerk of this Court and timely serve on the Parties' respective counsel identified below by hand or first-class mail a notice of the objection(s) and proof of membership in the Settlement Class and the grounds for such objections, together with all papers that the Class Member desires to submit to the Court no later than thirty (30) days before the date first set for the Final Approval Hearing (the "Objection Date"). The Court will consider such objection(s) and papers only if such papers are received on or before the Objection Date provided in the Class Notice by the Clerk of the Court and by Class Counsel and Defendant's counsel. Such papers must be sent to each of the following persons:

>Timothy G. Blood
>BLOOD HURST & O'REARDON, LLP
>701 B Street, Suite 1700
>San Diego, CA 92101
>Telephone: 619/338-1100
>tblood@bholaw.com
>
>D. Jeffrey Ireland
>FARUKI IRELAND COX
>RHINEHART & DUSING P.L.L.
>201 E. Fifth Street, Suite 1420
>Cincinnati, OH 45202
>Telephone: 513/632-0310
>djireland@ficlaw.com
>
>Clerk of the Court
>United States District Court,
>Southern District of Ohio
>100 East Fifth Street, Room 103
>Cincinnati, OH 45202

2. All objections must include: (a) a heading which refers to the Action; (b) the objector's name, address, telephone number and, if represented by counsel, the name, address, and telephone number of his/her counsel; (c) a statement under oath that the objector is a Settlement Class Member; (d) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel; (e) a statement of the objection and the grounds supporting the objection; (f) copies of any papers, briefs, or other documents upon which the objection is based; and (g) the objector's handwritten, dated signature (the signature of objector's counsel, an electronic signature, and the annotation "/s" or similar annotation will not suffice). Failure to comply with the requirements of this section shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all of the terms of this Settlement Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, in the Action.

3. All objections must be filed with the Clerk of the Court and served on the Parties' counsel as set forth in paragraph 2 above no later than the Objection Date. Objections received after the Objection Date will not be considered at the Final Approval Hearing.

4. Attendance at the Final Approval Hearing is not necessary; however, any Settlement Class Member wishing to be heard orally with respect to approval of the settlement, the application for an award of Attorneys' Fees and Expenses, or the application for the Class Representatives' service awards, is required to provide written notice of their intention to appear at the Final Approval Hearing. All written notices must be filed with the Clerk of the Court and served on the Parties' counsel as set forth in paragraph 2 above no later than the Objection Date. Settlement Class Members who do not oppose the Settlement Agreement, the application for an

award of Attorneys' Fees and Expenses, or the application for service awards need not take any action to indicate their approval. A person's failure to submit a written objection in accordance with the Objection Date and the procedure set forth in the Class Notice waives any right the person may have to object to the settlement, the award of Attorneys' Fees and Expenses, or the Class Representatives' service awards, or to appeal or seek other review of the Final Judgment and Order Approving Settlement.

5. Briefs in response to objections and in further support of the Settlement Agreement, application for an award of Attorneys' Fees and Expenses, or application for service awards shall be filed no later than seven (7) days prior to the Final Approval Hearing.

**VI. OTHER PROVISIONS**

1. The deadlines set forth in this Order, including, but not limited to, adjourning the Final Approval Hearing, may be extended by Order of the Court, for good cause shown, without further notice to the Settlement Class Members – except that notice of any such extensions shall be included on the Settlement Website. Settlement Class Members should check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

2. Class Counsel and Defendant's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the Parties jointly agree are reasonable or necessary.

3. This Court shall maintain continuing jurisdiction over these proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

**IT IS SO ORDERED**.

Date:  12/20/17	  *Timothy S. Black*  
	Timothy S. Black  
	United States District Judge