**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| DINO RIKOS, TRACEY BURNS, and LEO JARZEMBROWSKI, On Behalf of Themselves, All Others Similarly Situated and the General Public,<br>    Plaintiffs,<br><br>  v.<br><br>THE PROCTER & GAMBLE COMPANY,<br>    Defendant. | Case No. 11-CV-00226-TSB<br><br>CLASS ACTION<br><br>**OBJECTION TO CLASS ACTION SETTLEMENT** |

## **OBJECTION**

Class member and objector, Arianna Gallagher, ("hereinafter Objector") opposes the approval of the class action settlement. A district court may approve a class action settlement only if the settlement is "fair, reasonable, and adequate." Fed R. Civ. P. 23(e)(2). The district court fulfills both its "duty to act as a fiduciary who must serve as a guardian of the rights of absent class members and ... the requirement of a searching assessment regarding attorneys' fees that should properly be performed in each case." *In re Bank of Am. Corp. Securities, Derivative, and Employee Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 134 (2d Cir. 2014) citing *McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 419 (2d Cir. 2010).

"Class-action settlements are different from other settlements. The parties to an ordinary settlement bargain away only their own rights—which is why ordinary settlements do not require court approval." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 715 (6th Cir. 2013). Unlike ordinary settlements, "class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present

during the negotiations. *Id.* "[T]hus, there is always the danger that the parties and counsel will bargain away the interests of unnamed class members in order to maximize their own." *Id.*

Rule 23(a)(4), grounded in the Due Process Clause of the Constitution, conditions class certification upon a demonstration that "the representative parties will fairly and adequately protect the interests of the class." 23(g)(4) imparts an equivalent duty on class counsel, especially weighty "when the class members are consumers, who ordinarily lack both the monetary stake and the sophistication in legal and commercial matters that would motivate and enable them to monitor the efforts of class counsel on their behalf." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011). Together these provisions demand that the named representatives and class counsel manifest "undivided loyalties to absent class members." *Broussard v. Meineke Discount Muffler Shops*, 155 F.3d 331, 338 (4th Cir. 1998).

The settlement unfairly limits the amount of money that a class member can receive. If consumers can provide valid proofs of purchase for the covered products, then they should be able to receive additional compensation. They should not be capped arbitrarily when they can provide proof that they purchased the product.

The settlement is also unfair and unreasonable for class members because funds will go to Digestive Health Improvement Contributions ("DHIC"), instead of class members. This contribution to DHIC is similar to a contribution to a cy pres distribution and should conform to cy pres rules.

"Because the settlement funds are the property of the class, a *cy pres* distribution to a third party of unclaimed settlement funds is permissible '*only* when it is not feasible to make further distributions to class members' .... except where an additional distribution would provide a windfall

to class members with *liquidated*-damages claims that were 100 percent satisfied by the initial distribution." *In re BankAmerica Corp. Securities Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015). As the funds belong to the class, the Court's first priority should be to get the funds to the class. Then, when the distribution to class members is infeasible, the funds should go towards DHIC or a cy pres recipient reflecting the underlying complaint.

The DHIC will be in the form of: (1) intellectual property and/or know-how; (2) research and/or education grant(s); and/or (3) product donations to research and/or educational institutions and/or programs working to improve digestive health. SA, §IV.4.A.1.a. These contributions are subject to prior review and approval by class counsel. *Id*.

The Court should be skeptical of the amount of value that DHIC actually provides to the class. This setup appears to be of mutual benefit for Defendant and Class Counsel. Class Counsel benefits from having the total "value" of the settlement increased, which thereby increased the amount of attorney's fees that they can seek. Defendant benefits from "donating" to the DHIC by "donating" know-how, of which Defendant has already paid employees to learn. They are paying less money to class members by "donating" what they already own. Additionally, it seems likely that Defendant will benefit by paying for research that will enhance their own research and development department. It seems likely that the only research that Defendant will approve is research that will help prove that their probiotic is effective (which is why they are donating their own products) or will help them develop new products to sell to the American people. The DHIC value should not be valued as if it were cash in the hands of class members. Defendant will undoubtedly benefit from this contribution and the Court should take this into consideration when considering the fairness of the settlement. There are far better cy pres recipients that would actually benefit the class members and not the offending defendant.

The settlement agreement does not clearly indicate how undeliverable or uncashed funds will be handled. At what point, if at all, will a second (or third) distribution occur? The settlement administrator should make an additional distribution pro rata to the class members who already cashed the first round of checks. As stated above, the settlement funds belong to class members and should be delivered to them to the extent possible. *In re BankAmerica Corp. Secs. Litig.*, 775 F.3d 1060 (8th Cir. 2015). The class members should receive all class benefits until infeasible.

The Court should closely examine the amount of cash that will end in the hands of class members and use this number for calculation of attorney's fees. The Court should only give class counsel a reasonable percentage of the amount the class receives. Because class counsel utilizes the contribution to DHIC is calculation of the total value of the settlement, the amount of attorney's fees requested is extraordinary. The DHIC contribution should not be considered in evaluating attorney's fees.

Additionally, costs related to administration of the settlement should not be included in calculating the fee award. If the Court were to include these costs, it would have "eliminated the incentive of class counsel to economize on that expense—and indeed may have created a perverse incentive; for higher administrative expenses make class counsel's proposed fee appear smaller in relation to the total settlement than if those costs were lower." *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014).

The Court should also evaluate the settlement for any potential collusion between class counsel and defendant. The Court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self interests … to infect the negotiations." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir.

2011). Rather than explicit collusion, there need only be acquiescence for such self-dealing to occur: "a defendant is interested only in disposing of the total claim asserted against it" and "the allocation between the class payment and the attorneys' fees is of little or no interest to the defense." *Id.* at 949 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) and *In re Gen. Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 819-20 (3d Cir. 1995).

For the foregoing reasons, the Court should deny final approval of the settlement. Neither Objector nor I intend to appear at the fairness hearing.

DATE: 3-16-18

"I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding I am a Settlement Class Member. I submitted a claim in this class action and my claim number is PGK-40148512-9.

_____
Arianna Gallagher
6706 Monterra Trail
San Diego CA 92130
(757)748-2580

Respectfully submitted,
Arainna Gallagher
By her attorney

LAW OFFICES OF SIMINA VOURLIS

/s/ Simina Vourlis
Simina Vourlis
Law Offices of Simina Vourlis
856 Pullman Way
Columbus, OH 43212
(614) 487-5900 (O)
(614) 487-5901 (F)
svourlis@vourlislaw.com
*Counsel for Objector*
Arianna Gallagher

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on March 16, 2018 and served by the same means on all counsel of record.

/s/ Simina Vourlis
Simina Vourlis