# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

DINO RIKOS, TRACEY BURNS,
and LEO JARZEMBROWSKI,
on Behalf of Themselves, All
Others Similarly Situated and
the General Public,

   Plaintiffs,

   v.

THE PROCTER & GAMBLE
COMPANY,

   Defendant.

Case No. 11-CV-00226-TSB
CLASS ACTION

## OBJECTION OF PATRICK S. SWEENEY, PRO SE

  NOW COMES, Objector, Patrick S. Sweeney, Pro Se and hereby files this objection to the proposed settlement in this case.

### I. PROOF OF MEMBERSHIP IN CLASS

  Upon information and belief Patrick S. Sweeney, Pro Se ("Objector") believes he is a member of the class as defined in that certain Legal Notice of Class Action Settlement which is not dated (the "Notice"). Objector's address and telephone number are listed at the conclusion of this objection.

## II. NOTICE OF INTENT NOT TO APPEAR

Objector hereby gives notice that he does NOT intend to appear at the Final Approval Hearing at 10:00 a.m. on April 16, 2018 at the Potter Stewart U.S. Courthouse, Room 815, 100 East Fifth Street, Cincinnati, Ohio 45202.

## III. OBJECTOR IS A CLASS MEMBER

After reviewing the Notice, the Objector states that he is a class member with standing to object to the Court's Order for Preliminary Approval of the Settlement by virtue of his purchasing one or more items with the Align brand within the United States and its territories, other than solely for purposes of resale, from March 1, 2009 to June 6, 2016 ("Settlement Class").

## IV. REASONS FOR OBJECTING TO THE PROPOSED SETTLEMENT

### A. The Requested Attorney Fees are Excessive.

Plaintiff Class Counsel requests that the Court award a total of $4.5 million in attorney fees and costs. The Settlement Fund is valued using a complicated formula at between $10-$25 million dollars. There is a cash portion available to Class Members. The remaining portion of the settlement value is based on the value of contributions made by the defendant ("Defendant" or "P&G") to organizations and institutions

working to improve digestive health ("Digestive Health Improvement Contributions" or "DHIC"). (It should be noted that the Defendant shall pay the cost of settlement administration, attorney fees and class representative service fees separately).

P&G will provide the DHIC in the form of: (1) intellectual property and/or know-how; (2) research or education grants; or (3) product donations to research or educational institutions or programs working to improve digestive health.

The value of the DHIC is based on appraisals. For sake of this discussion the Objector does not contest the valuation of the DHIC utilized by Class Counsel. Objector does, however, dispute the valuation being applied *solely for the benefit of the members of the Settlement Class*. The value will, by its very nature, benefit all U.S. consumers who suffer from Irritable Bowel Syndrome ("IBS") or who regularly seek assistance and care for their digestive health. Accordingly, the value of the DHIC to the Settlement Class should be determined as follows:

> **the value of the DHIC, divided by the number of all of parties in the United States and U.S. Territories who suffer from IBS then multiplied by the number of members in the Settlement Class.**

### (2). Class Counsel May Claim Attorney Fees Are Paid Separate and Apart From Any Settlement Payments.

Class Counsel will undoubtedly claim because the attorney fees are paid separate and apart from any settlement payments they, therefore, cannot be

considered excessive. This argument avoids common sense reality that the Defendant only has so much it is willing to pay to settle a matter. Thus, every dollar spent on attorney fees, is a dollar less than can be spent on settlement payments to the Class. Given this real world reality the Court must look to ways to evaluate the fee request.

One such method is to apply the *Johnson* factors. An recent opinion from the United States Court of Appeals for the Sixth Circuit (*Van Horn v. Nationwide Property and Casualty*, Case No. 10-3643) reviewed how the United States Supreme Court cited the *Johnson* factors with approval in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 430 n.3 (1983). The *Johnson* factors include:

> " (1)the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

*Johnson*, 488 F.2d at 717-19 (Accord: *Hensley*, 461 U.S. at 430 n.3).

A court may not have access to all the facts required to evaluate a fee request. But a court will often have *enough* information to determine whether or not a fee request is excessive.

In this case a court could apply the *Johnson* factors as follows:

**(1) the time and labor required;**

Given the 7 year length of the court case, a court, with some extensive and detailed evidence indicating voluminous billing can conclude that there are several thousands of hours of attorney time. Then assuming the prevailing hourly rates are between $800 per hour, for veteran class action litigators and $200 for young associates, thus making a "blended rate " at $400 per hour Class Counsel would need to show approximately 11,250 hours. That would reflect approximately 1600 hours of attorney work per year. That is a considerable amount of attorney hours each and every year. **This factor indicates granting an award of attorney fees but modifying the fee request slightly.**

**(2) the novelty and difficulty of the questions;**

This factor is difficult to analyze. The violations of various state's consumer protection statutes elements are simple and straight forward. Applying them to a factual situation, however, is a bit trickier. Class Counsel did a good job narrowing the elements to the P&G fact pattern

and establishing liability. **This factor indicates granting the fee request.**

### (3) the skill requisite to perform the legal service properly;

Class Counsel clearly had the appropriate skills to prosecute this case but again it is not a complicated elements of the statutes nor a complicated set of facts. P&G clearly did what they were accused of doing. **This factor indicates denying the fee request.**

### (4) the preclusion of employment by the attorney due to acceptance of the case;

In the real world of legal business, firms do not turn away work they simply hire more attorneys or staff or contract out as much of the work as needs to be farmed out to contract attorneys. Given this reality it is hard to imagine Class Counsel rejected other work because of taking on this case. **This factor indicates denying the fee request.**

### (5) the customary fee;

A customary fee would likely be a percentage of the case award with a lodestar cross check. In a recent decision from the Sixth Circuit, *Gascho v. Global Fitness Holdings, LLC,* No. 14-3761/3798 (6th Cir. May 13, 2016) (published), is an interesting one for class practitioners and other courts because it produced "split" thoughts and highlighted differing circuit approaches to issues such as valuing the benefit of a class action settlement to a class, the level of fee substantiation necessary under the lodestar approach.

**This factor indicates rejecting the fee request.**

### (6) whether the fee is fixed or contingent;

One has to assume the fee was contingent as there was no one else to "pick up the tab". It is possible that the outcome was "contingent" in that who knows what can happen. But I do not believe that is the appropriate definition of "contingency" needed to be applied. More likely it is appropriate to answer the question "Was the possibility of a settlement a fairly certain outcome prior to Class Counsel expending vast amounts of time and labor? I think the answer is "no". **This factor indicates approving the fee request.**

**(7) time limitations imposed by the client or the circumstances;**

In Class Action there are not clients in a traditional sense. It doesn't appear there were statute of limitation or other time issues. **This factor indicates rejecting the fee request.**

**(8) the amount involved and the results obtained;**

In the class action arena this is neither a "big money" case nor a "big fee" case. **This factor doesn't indicate rejecting nor approving the fee request.**

**(9) the experience, reputation, and ability of the attorney;**

Without firsthand information my insight is limited to the firm's website and a google search. It appears the experience, reputation, and ability of the attorneys is impeccable. **This factor indicates approving the fee request.**

**(10) the "undesirability" of the case;**

This factor does not appear to be applicable.

**(11) the nature and length of the professional relationship with the client;**

This factor does not appear to be applicable.

**(12) awards in similar cases;**

Again, like factor #5 there are few such cases to compare to "similar cases". **This factor indicates rejecting the fee request.**

In light of the above analysis Objector asserts the requested fee is excessive and therefore the motion for fees should be denied. Objector realizes that the settlement cannot be reshaped without the Court, Class Counsel and Defense Counsel all being in agreement to a revised settlement.

To the extent it is useful, helpful or accommodating the Objector would not object to a fee request in the amount of $4,250,000.00.

## VI. CONCLUSION

Using the *Johnson* factors it is clear that Class Counsel deserves a fair attorney fee award. As a result of the above *Johnson* factors analysis, however, it appears a $4.5 million fee is slightly excessive. As stated above, Objector would agree to an award of $4.25 million dollars with Defendant agreeing to pay the difference into the cash settlement pool for the purpose of distributing it to the Settlement Class.

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain this Objection;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement as described above.

3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

Dated: March 15, 2018

Respectfully submitted,

*/s/ Patrick S. Sweeney*
Patrick S. Sweeney, Pro Se
6666 Odana Road
Unit 116
Madison, WI 53711
Phone: 310-339-0548
Email:patrickshanesweeney@gmail.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2018, I caused to be filed, the foregoing with the Court and Counsel as described in the Notice in this case, by having the foregoing deposited in First Class, U. S. Mail. In addition to Counsel receiving this Objection by U.S. Mail, they will also receive a copy of this Objection by virtue of the Clerk of Court scanning this Objection into the CM/ECF system and as a result all parties who are registered will receive a copy.

_____
Patrick S. Sweeney, Pro Se

# Pamela Sweeney
# 2672 Mutchler Road
# Madison, WI 53711
# Phone: (424)-488-4383
# pam.sweeney1@gmail.com


March 15, 2018

Clerk of Courts
United States District Court
Southern District of Ohio
Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202

Re: *Rinkos et al., v. The Proctor & Gamble Company*
   <u>Case No. 11-cv-0226-TSB</u>

Dear Clerk:

I am a pro se objector/appellant in the above reference case. This letter is to serve as my objection in this matter. I am a member of the class. I am not coming to the Fairness Hearing.

I think the attorney's for the class are getting too much money.

You can email me at the above address if you have any questions.

Very truly yours,

Pamela Sweeney, Pro Se

Cc: All counsel of record via email.

SWEENEY
1223 20TH STREET
UNIT 101
SANTA MONICA, CA
90404




CLERK OF COURTS
UNITED STATES DIST. COURT
SOUTHERN DIST. OF OHIO
POTTER STEWART COURTHOUSE
100 EAST FIFTH STREET
CINCINNATI, OH
45202