UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

DINO RIKOS, TRACEY BURNS, and LEO JARZEMBROWSKI, On Behalf of Themselves, All Others Similarly Situated and the General Public, Plaintiffs

    Plaintiff,

v.

THE PROCTER & GAMBLE COMPANY,

    Defendant.

Case No. 11-CV-00226-TSB

## OBJECTION OF ADAM BRUNET

**ADAM BRUNET**
Pro se Litigant/Class Member
14561 Elysium Pl.
Apple Valley, Minnesota 55124
Tel.: (612) 220-3989
abrunet33@gmail.com



**BLOOD HURST &
O'REARDON, LLP TIMOTHY
G. BLOOD (CA 149343) LESLIE
E. HURST (CA 178432) THOMAS
J. O'REARDON II (CA 247952)**
501 West Broadway, Suite 1490
San Diego, CA 92101 Telephone:
619/338-1100 619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION AND CLASS MEMBERSHIP………………………………………..3

II. OBJECTIONS…………………………………………………………………………...3-7

    A. The Proposed Settlement Does Not Pass the Rule 23(e) Fairness Inquiry Because it Allows Class Counsel to Obtain a Disproportionate Amount of Settlement Proceeds……………………………………………………………………………..3-4

    B. Class Counsel's Fees are Arbitrary & Unreasonably High……………………….4-5

    C. Class Counsel, by Violating Rule 23(h), Denys an Objecting Class Member Due Process…………………………………………………………………………….5-7

III. CONCLUSION………………………………………………………………………….7

I.      INTRODUCTION AND CLASS MEMBERSHIP

This class member, Adam Brunet ("Objector") hereby: (i) files these Objections to the Proposed Class Action Settlement (the "Settlement"); (ii) objects to Class Counsel's agreed upon request for attorneys' fees.

Objector represents that he has standing in this action as he purchased qualifying Align products during the relevant period.

II.     OBJECTIONS

### A. The Proposed Settlement Does Not Pass the Rule 23(e) Fairness Inquiry Because it Allows Class Counsel to Obtain a Disproportionate Amount of Settlement Proceeds

In *In re Bluetooth Headset Products Litigation*, 654 F. 3d 935 (9th Cir. 2011), the Ninth Circuit identified three flags that indicate an unfair lawyer-driven settlement: (1) unreasonable disparity between the class award and the attorney's negotiated fee award; (2) "clear sailing," in which a defendant agrees not to oppose class counsel's fee request; and (3) a "kicker," such that any unclaimed settlement proceeds revert to the defendant rather than benefitting the class. See *Bluetooth*, 654 F.3d at 947. Two of the three warnings are present here and strongly indicate that the settlement cannot pass the Rule 23(e) fairness analysis. A fair settlement requires a fair settlement of the proceeds. See, e.g., *Bluetooth*, 654 F. 3d at 947.

A class action settlement may **not** confer preferential treatment upon class counsel to the detriment of class members. When, as here, counsel receive a disproportionate amount of the settlement, or when the class receives little or no monetary distribution but class counsel are amply rewarded, "a settlement is unfairly tilted toward class counsel". *Bluetooth*, 654 F.3d at 947; GMC Pick-Up Truck, 55 F.3d at 803 ("non-cash relief…is recognized as a prime indicator of suspect settlements"). The signs of an inequitable settlement, as here, are not subtle: excessive attorney's fee provision reinforced by a clear-sailing clause, along with the illusory injunctive relief, token

cy press donation and a valuation that violates the Class Action Fairness Act, 28 U.S.C. Sec. 1712. The parties designed the settlement's structure to simultaneously insulate class counsel's fee award with the tease of class recovery, while providing the defendant with the insignificant release of claims and an end to the litigation. See *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) (if "fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have been obtained").

In this instance, the relief to the class that Defendants will make with any certainty will be *cy pres* payments and the class attorney's receiving $4,500,000.00 from the Defendants, including "reimbursements of costs and expenses incurred", appears to be a clear disparity between the class award and the potential attorney's negotiated fee award. Defendants will not be opposing such a fee request since the relief is likely not going directly to the class. Ergo, the Defendants will obtain an economically beneficial concession with regard to the merits provisions, in the form of injunctive relief for the class than could otherwise have been obtained.

### B. Class Counsel's Fees are Arbitrary and Unreasonably High

Class action counsel are entitled to attorneys' fees when they create a common recovery fund. *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 47 (2d Cir. 2000) ("where an attorney succeeds in creating a common fund from which members of a class are compensated…, the attorneys whose efforts created the fund are entitled to a reasonable fee"). If they do not create a common fund, class counsel may be entitled to attorney's fees if they provide a substantial benefit for the class. A "substantial benefit" means "something more than technical in its consequence" and …one that accomplishes a result which corrects or prevents abuse…" *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 396 91970) (quoting *Bosch v. Meeker Coop. Light & Power Ass'n.*, 257 Minn.

362, 366-367, 101 N.W.2d 423 Minn.1960)). In any event, in considering awards of attorney's fees and expenses in class action litigation, both the lodestar and the percentage of the fund methods are available to the Court. *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).

Under either method, the Court, should be guided by the following "reasonableness" criteria in determining the fee awarded to Class Counsel: (1) the time and labor expended by counsel; (2) the magnitude and complexity of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Id.* (*citing In re Union Carbide Corp. Consumer Prod. Bus. Sec Litig.*, 724 F.Supp. 160. 163 (S.D.N.Y. 1989)).

Whether the attorney's fees are assessed utilizing the lodestar-multiplier or the percentage method to calculate attorney fees they are unreasonable. "A settlement should be valued by the amount the class actually receives", (See Notes of advisory Committee on 2003 amendments to Rule 23(h)), or "the benefit *actually* conferred", *In re HP Inkjet printer Litig.*, No. 5:05-cv-3580 JF, 2011 WL 1158635, at *10 (N.D. Cal. Mar.29,2011).

### C. Class Counsel, by Violating Rule 23(h), Denys an Objecting Class Member Due Process

Rule 23(h), which governs awards of fees and taxable costs, provides that:

In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

> (1) A claim for an award must be by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.
> (2) A class member, or a party from whom payment is sought, may object to the motion.
> (3) The court may hold a hearing and must find the facts and states its legal conclusions under Rule 52(a).

> (4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(20(D).

*In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988 (9th Cir.2010), the Ninth Circuit reversed the district court deciding the lower court had abused its discretion by violating Rule 23(h). In fact, it (the 9th Circuit), went even further, stating

> ...."the practice borders on a denial of due process because objecting class members of a full and fair opportunity to contest class counsel's fee motion". *Id.* at 993

The Ninth Court stated that the reason this would rise to the level of a due process violation:

> "...during the fee-setting stage of common fund class action suits such as this one, plaintiffs' counsel, otherwise a fiduciary for the class, becomes a claimant against the fund created for the benefit of the class. This shift puts plaintiffs' counsel's understandable interest in getting paid the most for its work representing the class at odds with the class' interest in securing the largest possible recovery for its members". *Id.* at 994

As a result, by requiring plaintiffs to submit a fee request before objections are due, Rule 23(h) provides an important check on plaintiffs' counsel at exactly the moment their interests diverge from those of the class. The Court continued:

> "Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee." *Id.* at 994.

In this class action class, at the time of filing this Objection, Class counsel has not presented their fee motion to all parties—the class members. Only by searching for filing via PACER was this objector able to locate any details with regards to the fees. The class website has not included the fee request as of March 16, 2018. At this time, class members cannot determine the fairness

or reasonableness of the claimed fees and expenses since they have not adequately documented and supported their request. This violates due process rights of class members and violation of Rule 23(h) of the Rules of Civil Federal of Civil Procedure. In light of several recent significant issues courts have faced in recent times regarding fees and billing this is especially pertinent now.

In fact, the filing deadline (March 17, 2018) for class members' objections effectively eliminated any protection to the class since, administratively, Objections must be submitted before class counsel's fee motion could be viewed as they have not posted or provided notice of its filing. To date, class counsel has not presented any adequate and/or adequately tested information to evaluate reasonableness for their proposed fee, "even if…. the Class counsel and Defense counsel…. have already agreed to an amount". *Id.* at 941(*See also Staton v. Boeing Co.*, 327 F.3d 938, 963-64 (9th Cir. 2003); *Knisley v. Network Assoc.*, 312 F3d 1123, 1125 (9th Cir. 2002); *Zucker v. Occidental Petroleum Corp.*, 192 F. 3d 1323, 1328-29 & n. 20 (9th Cir. 1999).

## CI. CONCLUSION

For the foregoing reasons, this Objector requests, that this Honorable Court should support and rule in favor of this Class Members objection(s), and not approve of this Settlement or the attorney fees.

Respectfully Submitted,

Adam Brunet

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the ___16th___ day of March, 2018, I have filed this Objection with the Court via certified USPS mail to: United States District Court, 100 East Fifth St., Cincinnati, OH 45202; and a copy mailed to Timothy Blood, Blood Hurst & O'Reardon, LLP, 501 West Broadway, Suite 1490, San Diego, CA 92101 and to D. Jeffrey Ireland, Faruki Ireland Cox Rhinehart & Dusing, 201 East Fifth Street, Suite 1420, Cincinnati, OH 45202

Adam Brunet
14561 Elysium Place
Apple Valley, MN 55124
612-220-3989
abrunet33@gmail.com

Adam Brunet
14561 Elysium Pl
Apple Valley, MN 55124

**CERTIFIED MAIL**

7017 2660 0001 0309 5425

United States District Court
100 East Fifth St.
Cincinnati, OH 45202



1024



45202



U.S. POSTAGE PAID
SAINT PAUL, MN
55124
MAR 17 18
AMOUNT
$7.41
R2305H126867-29