BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (CA 149343)
LESLIE E. HURST (CA 178432)
THOMAS J. O'REARDON II (CA 247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Telephone: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DINO RIKOS, TRACEY BURNS, and LEO JARZEMBROWSKI, On Behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Case No. 11-CV-00226-TSB<br><br>**CLASS ACTION**<br><br>**REPLY DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: April 16, 2018<br>Time: 10:00 a.m.<br>Judge: Hon. Timothy S. Black<br>Courtroom: 815 |

I, TIMOTHY G. BLOOD, declare:

1. I am an attorney duly licensed to practice before all courts of the State of California and am admitted *pro hac vice* to practice before this Court. I am the managing partner of the law firm of Blood Hurst & O'Reardon, LLP ("BHO"), Class Counsel and one of the counsel for Plaintiffs Dino Rikos, Tracey Burns, and Leo Jarzembowski (collectively, "Plaintiffs").[1] I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify to them. I submit this declaration in support of Plaintiffs' Reply in Support of Motion for Final Approval of Class Action Settlement and Request for Award of Attorneys' Fees and Expenses.

**Patrick Sweeney**

2. Patrick Sweeney has filed objections to at least 42 settlements, including this one. **Exhibit A** is compilation of his objections to those settlements.

(a) *Arthur v. Sallie Mae, Inc.*, No. 2:10-cv-00198-JLR (W.D. Wa.): 12/13/10 – Darrell Palmer and Chris Bandas filed objection on behalf of Patrick Sweeney and Sasha McBean (Doc. 67);

(b) *In re Carrier IQ, Inc., Consumer Privacy Litigation*, No. 3:12-md-02330-EMC (N.D. Cal.): 6/7/16 – Patrick Sweeney pro se objection (Doc. 452);

(c) *Roberts v. Electrolux Home Prods., Inc.*, No. SACV12-1644-CAS(VBKx) (C.D. Cal.): 8/1/14 – Patrick Sweeney objection, represented by Darrell Palmer (Doc. 160);

(d) *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO (N.D. Cal.): 6/6/14 – Patrick Sweeney pro se objection (Doc. 101);

(e) *Brown v. Hain Celestial Group, Inc.*, No. 3:11-cv-03082-LB (N.D. Cal.): 1/20/16 – Patrick Sweeney pro se objection (Doc. 365);

---

[1] All capitalized terms herein have the same meaning as set forth in the Settlement Agreement. Doc. No. 166-2.

(f) *In re TRS Recovery Servs., Inc. and Telecheck Servs., Inc., Fair Debt Collection Practices Act (FDCPA) Litig.*, No. 2:13-MD-2426-DBH (D. Me.): 12/28/15 – Patrick Sweeney pro se objection (Doc. 121);

(g) *In re Polyurethane Foam Antitrust Litig.*, No. 1:10-md-02196-JZ (N.D. Ohio): 11/17/15 – Patrick Sweeney pro se objection (Doc. 1968);

(h) *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978 (S.D. Fla.): 6/20/16 – Objection filed by Patrick Sweeney on behalf of his daughter, Kerry Ann Sweeney (Doc. 141);

(i) *Lofton v. Verizon Wireless LLC*, No. 13-cv-05665 (N.D. Cal.): 5/9/16 – Patrick Sweeney pro se objection (Doc. 214);

(j) *In re Midland Credit Mgmt, Inc.*, No. 11-md-02286 (S.D. Cal.): 4/26/16 – Patrick Sweeney pro se objection (Doc. 344);

(k) *Douglas v. Western Union Co.*, No. 14-cv-01741 (N.D. Ill.): 2/25/16 – Patrick and Pamela Sweeney pro se objections (Doc. 70);

(l) *Chambers v. Whirlpool Corp.*, No. CV 11-1733 FMO (JCGx) (C.D. Cal.): 5/31/16 – Patrick Sweeney pro se objection (Doc. 234);

(m) *Spann v. J.C. Penney Corp.*, No. SA CV 12-0215 FMO (KESx) (C.D. Cal.): 7/22/16 – Patrick Sweeney pro se objection (Doc. 265);

(n) *In re Yahoo Mail Litig.*, No. 13-CV-4980-LHK (N.D. Cal.): 7/14/16 – Patrick Sweeney pro se objection (Doc. 194);

(o) *Retta v. Millenium Prods., Inc.*, No. 2:15-cv-01801-PSG-AJW (C.D. Cal.): 6/29/17 – Patrick Sweeney pro se objection (Doc. 135-1);

(p) *In re Automotive Parts Antitrust Litig.*, No. 12-md-02311 (E.D. Mich.): 4/25/16 – Patrick Sweeney pro se objection (Doc. 1299);

(q) *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120-MGC (S.D. Fla.): 3/7/16 – Patrick Sweeney pro se objection (Doc. 136);

(r) *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-0240 YGR (DMR) (N.D. Cal.): 9/27/16 – Patrick Sweeney pro se objection (Doc. 1486);

(s) *Martin v. Global Marketing Research Services, Inc.*, No. 6:14-cv-1290-ORL-31-KRS (M.D. Fla.): 7/27/16 – Patrick Sweeney pro se objection (Doc. 116);

(t) *Hooker v. Sirius XM Radio Inc.*, No. 4:13-cv-00003 (E.D. Va.): 11/7/16 – Patrick Sweeney pro se objection (Doc. 189);

(u) *Gay v. Tom's of Maine, Inc.*, No. 0:14-cv-60604-KMM (S.D. Fla.): 12/29/15 – Patrick Sweeney pro se objection (Doc. 34), and 12/30/15 – Patrick Sweeney filed objection on behalf of serial objector Dawn Weaver (Doc. 35);

(v) *Forcellati v. Hyland's, Inc.*, No. 2:12-cv-01983-ODW-MRW (C.D. Cal.): 6/27/17 – Patrick Sweeney pro se objection (Doc. 296);

(w) *Rapaport-Hecht v. Seventh Generation, Inc.*, No. 7:14-cv-09087-KMK (S.D.N.Y.): 12/28/16 – Patrick Sweeney pro se objection (Doc. 55);

(x) *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 3:10-md-02143-RS (N.D. Cal.): 10/25/16 – Patrick Sweeney pro se objection (Doc. 1983);

(y) *Barba v. Shire U.S., Inc.*, No. 1:13-cv-21158-JAL (S.D. Fla.): 10/6/16 – Patrick Sweeney filed pro se objection, individually and on behalf of his minor son (Doc. 434);

(z) *Jenkins v. Equifax Information Services, LLC*, No. 3:15-cv-0443-MHL (E.D. Va.): 10/3/16 – Patrick Sweeney pro se objection (Doc. 55);

(aa) *Russell v. Kohl's Department Stores, Inc.*, No. 5:15-cv-01143-RGK-SP (C.D. Cal.): 8/11/16 – Patrick Sweeney pro se objection (Doc. 84);

(bb) *Pearson v. Target Corporation*, No. 1:11-cv-07972 (N.D. Ill.): 5/31/16 – Patrick Sweeney pro se objection (Doc. 261);

(cc) *Eggnatz v. The Kellog Company*, No. 1:12-cv-21678-JAL (S.D. Fla.): 12/29/15 – Patrick Sweeney pro se objection (Doc. 191);

(dd) *Boise v. Ace USA, Inc.*, No. 1:15-cv-21264-MGC (S.D. Fla.): 10/3/17 – Patrick Sweeney pro se objection (Doc. 96);

(ee) *Fladell v. Wells Fargo Bank, N.A.*, No. 0:13-cv-60721-FAM (S.D. Fla.): 8/19/14 – Patrick Sweeney filed objection on behalf of James H. Kirby IV (Doc. 197);

(ff)  *In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, No. 2:09-cv-00267-LA (E.D. Wisc.): 6/4/10 – Patrick Sweeney filed objection on behalf of Rosalie Borgardts, Paul Palmer and others (Doc. 50);

(gg)  *Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-2440 (VEC) (S.D.N.Y.): 6/5/17 – Patrick Sweeney filed pro se objections on his behalf, for Kerry Ann Sweeney, and his minor son, EKS (Doc. 275);

(hh)  *Colon v. Jaguar Land Rover, N. Am., LLC*, No. 1-06-CV-075163 (Cal. Super. Ct. Santa Clara Cnty. 2006) (*see Martin v. Global Marketing*, Doc. 124 at 3, PageID 1787;

(ii)  *McKnight v. Uber Technologies, Inc.*, No. 3:14-cv-05615-JST (N.D. Cal.): 1/16/18 – Patrick Sweeney pro se objection (Doc. 160);

(jj)  *Duncan v. JPMorgan Chase Bank, N.A.*, No. 5:14-cv-00912-FB (W.D. Tex.): 3/28/16 – objection purportedly filed "pro se" by Donald Gors (Doc. 35), and 4/11/16 – Patrick Sweeney signed a joint motion to withdraw the Gors objection (Doc. 53);

(kk)  *In re Checking Acccount Overdraft Litigation*, No. 1:09-md-02036-JLK (S.D. Fla.). Patrick Sweeney filed objections on behalf of purported class members to five separate settlements consolidated in this multidistrict litigation:

(i)  Bank of America settlement: 10/3/11 – Patrick Sweeney filed objections on behalf of Martin Carapia and Fatima Dorego (Doc. 1936);

(ii)  JP Morgan Chase Settlement: 11/28/12 – Patrick Sweeney filed notice of appearance for objectors Joseph Wilkins et al. (Doc. 3081);

(iii)  Bank of the West Settlement: 11/6/12 – Patrick Sweeney filed objections on behalf of Ryan Phillips (Doc. 3033);

(iv)  PNC Bank Settlement: 4/24/13 – Patrick filed objections on behalf of Ryan Wantz and David Curtis (Doc. 3440); and

(v)  US Bank Settlement: 11/13/13 – Patrick filed objections on behalf of his wife and daughter, Pamela Sweeney and Kerry Ann Sweeney (Doc. 3698).

BLOOD HURST & O'REARDON, LLP

3. Patrick Sweeney's standing has been questioned in at least the following ten cases:

| CASE | DISCUSSION RE: PATRICK SWEENEY'S LACK OF STANDING |
|---|---|
| *In re Carrier IQ, Inc., Consumer Privacy Litig.*, No. 3:12-md-02330-EMC (N.D. Cal.) | "Mr. Sweeney is a serial objector, and, apparently, he lacks standing as well because the phone number he 'provided on his claim form was actually the same number his wife, Pamela Sweeney, previously swore as hers in another case. When pressed regarding his apparent lack of standing because of this issue, [Mr.] Sweeney did not directly respond.'"<br><br>*See* Doc. 481 (Aug. 25, 2016, Final Approval Order) at 8. |
| *Brown v. Hain Celestial Group, Inc.*, No. 3:11-cv-03082-LB (N.D. Cal.) | In a case about purchases made in California stores, Plaintiff's response to Sweeney's objections questioned his standing:<br><br>"Mr. Sweeney is not a resident of California and was not a resident of California at any time during the class action. Nevertheless, he submitted a claim stating he purchased a single Jason Product and mailed an objection from his residence in Wisconsin. In light of his history as a serial objector, Mr. Sweeney's self-serving statement from the Midwest is worthy of little weight."<br><br>*See* Doc. 367 at 18. |
| *Lofton v. Verizon Wireless LLC*, No. 13-cv-05665 (N.D. Cal.) (Dkt. No. 214) | Plaintiff's counsel filed a motion for sanctions against Patrick Sweeney alleging that his objection is frivolous and harassing because he is not a class member and does not have standing to object.<br><br>*See* Doc. 223-1 at 6 ("[T]he Agreement specifically excludes Verizon subscribers from either class certified under the Agreement....the settlement notice and claims form gave clear notice that Verizon subscribers are not included within the class definitions. Nonetheless, the telephone number Sweeney listed on his Objection appears to be assigned to Verizon.") and 10 ("Sweeney does not appear in Collecto's call data."). |
| *In re Yahoo Mail Litig.*, No. 13-CV-4980-LHK (N.D. Cal.) | *See In re Yahoo Mail*, 2016 U.S. Dist. LEXIS 115056, at *26 (August 25, 2016, Order Granting Final Approval):<br><br>"Sweeney has not met this burden [to prove his standing to object]. During Sweeney's deposition, Sweeney admitted that he did not 'have actual evidence' of his Class Membership, and that he 'guess[ed]' that he was a Class Member. He did not specify whether he had sent an email to any Yahoo Mail user during the relevant time period. In another class action settlement, involving alleged violations of state and federal consumer protection laws, a district court found that Sweeney did not have standing to object because 'his claim to membership is based only on [his] belief.' *In re TRS Recovery Servs., Inc. & Telecheck Servs., Inc., Fair Debt Coll. Practices Act (FDCPA) Litig.*, 2016 U.S. Dist. LEXIS 17837, 2016 WL 543137, *6 n.16 (D. Me. Feb. 10, 2016). Sweeney's inability to show standing provides a separate and independent basis to overrule his objection." |
| *Boise v. Ace USA, Inc.*, No. 1:15-cv-21264-MGC (S.D. Fla.) | The settlement administrator "confirms that Patrick Sweeney…is not on the Class List" and "The Objector's phone number is not registered on the national DNC either, which is required for all |

| CASE | DISCUSSION RE: PATRICK SWEENEY'S LACK OF STANDING |
|---|---|
| | Class Members." *See* Doc. 94 (plaintiff's response to Sweeney objection) at 3. |
| | The court's final approval order overruled Sweeney's objection and found he lacked standing to object: "Having considered Mr. Sweeney's late-filed Objections and Plaintiff's Response in Opposition, it appears Mr. Sweeney is not a member of the Class and has no standing to object." |
| | *See* Doc. 101 (final approval order) at 2. |
| *In re TRS Recovery Servs., Inc. and Telecheck Servs., Inc., Fair Debt Collection Practices Act (FDCPA) Litig.*, No. 2:13-MD-2426-DBH (D. Me.) | *See In re TRS Recovery Servs.*, 2016 U.S. Dist. LEXIS 17837, at \*20-21 (Feb. 10, 2016, Order Granting Final Approval): "[Patrick Sweeney] furnished no basis to conclude that he is even a class member. The defendants have the names of all the class members except those who conducted a transaction in Maine and paid a returned check fee but did not receive the RECR3 letter. The objector lives in Wisconsin, does not assert that he ever conducted such a transaction in Maine, and does not claim membership in the Maine class (Class 2). Thus, he should be included in the defendants' database (he is not). Moreover, his claim to membership is based only 'on belief.'" |
| *Spann v. J.C. Penney Corp.*, No. SA CV 12-0215 FMO (KESx) (C.D. Cal.) | In a case about purchases made in California stores, Plaintiff's response to Sweeney's objections questioned his standing: "Patrick S. Sweeney is an attorney from Madison Wisconsin. It is questionable whether he ever traveled to California, much less shopped at a JC Penney in California during the class period." *See* Doc. 266, at page 10, PageID 8818. |
| *Martin v. Global Marketing Research Services, Inc.*, No. 6:14-cv-1290-ORL-31-KRS (M.D. Fla.) | In a case about unsolicited phone calls, Plaintiffs demonstrated Sweeney was not a class member: "Sweeney's appeal of his objection is vexatious and apparently designed simply to serve as leverage so that he can extract a ransom from Class Counsel. Not only was his objection 'frivolous' to borrow the Court's own term, from a review of GMRS's and the Settlement Administrator's records it appears that Sweeney *isn't even a member of the Settlement Class.* That is, there is no record at all of Sweeney having ever been called by GMRS so as to render him a class member. And for his part, Sweeney has failed to provide any evidence—such as phone records showing any calls from 800-251-5850 (the number GMRs used to make the calls)—to substantiate his standing to object, let alone to file his Notice of Appeal. Indeed, in Sweeney's sworn objection, in which he claims under oath to be a Class Member, Sweeney asserts that he received the *text messages* involved in this case—even though this is not a case involving the sending of any text messages at all." *See* Doc. 142 (Plaintiffs' Motion for Appeal Bond Against Patrick Sweeney), at 3-4, PageID 2448-2449. |
| *Hooker v. Sirius XM Radio Inc.*, No. 4:13-cv-00003 (E.D. Va.) | In their response to objections, Plaintiffs demonstrated Sweeney was not a class member: "[T]he Class member identification data provided by Sirius XM and its telemarketers contains no entry for a Patrick |

| CASE | DISCUSSION RE: PATRICK SWEENEY'S LACK OF STANDING |
|---|---|
| | Sweeney in Wisconsin, nor a Steve, Steven, or Stephen Helfand anywhere, nor are the telephone numbers Sweeney and Helfand identified contained in the database." |
| | *See* Doc. 196 at 9, PageID 4460. |
| | In its final approval order, the Court struck Sweeney's objection because he did not comply with the requirements of the preliminary approval order, and he was not a member of the class: |
| | "The Court finds that Mr. Helfand and Mr. Sweeney have not complied with the Preliminary Approval Order requirements for filing objections and further finds that Mr. Helfand and Mr. Sweeney are not members of the Class. Their objections are therefore stricken." |
| | *See* Doc. 209 (Dec. 22, 2016, final approval order) at 6, PageID 4870. Sweeney nevertheless filed a notice of appeal (albeit untimely), and after four months the appeal was dismissed for failure to prosecute. |
| *Chimeno-Buzzi v. Hollister Co.*, Case No. 14-cv-23120-MGC (S.D. Fla.) | Evidence from the class list data demonstrated that Patrick Sweeney was not a class member who received an unsolicited phone call: |
| | Mr. Sweeney failed to demonstrate his Class membership in his Objection. He failed to submit a signed declaration stating, under penalty of perjury, that he is a member of the Settlement Class. Rather, Mr. Sweeney merely stated, not under oath, that "he believes that he is a member of the class[.]" (D.E. 136 at 1.) That is plainly insufficient and does not satisfy the Court's directives for demonstrating Class standing and asserting an objection." |
| | As it turns out, the reason why Mr. Sweeney failed to submit evidence demonstrating his Settlement Class membership is because he is not a member of the Settlement Class. At the request of Class Counsel, the Settlement Administrator compared Mr. Sweeney's cellular telephone number (from his Claim Form) against the entire database of numbers to which the Defendants sent text messages. (Bithell Decl. at ¶ 3.) As a result of their findings, the Defendants have submitted a sworn declaration stating that Mr. Sweeney's number is not in their database of text message recipients. (Id.) Accordingly, Mr. Sweeney is not a Settlement Class Member. |
| | *See Doc*. 137 at 6. |

4.	In addition, Patrick Sweeney has filed objections on behalf of persons whose standing to object was disputed in at least three other cases.

(a)	*Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978 (S.D. Fla.): Patrick Sweeney filed an objection on behalf of his daughter, Kerry Ann Sweeney, in *Legg v. Spirit*

*Airlines*. The settlement in *Legg* related to allegations about Spirit's practice of printing the last five digits of card numbers on transaction receipts. The objection stated "[u]pon information and belief and to the best of her recollection Kerry Ann Sweeney ("Objector") believes she is a member of the class" and "[s]he has filed a timely claim." *See Legg*, Doc. 141 at 2. The problem with Ms. Sweeney's standing was that Spirit "reprogrammed its airport kiosks to stop printing more than the last 5 digits of card numbers on transaction receipts on September 4, 2014," and Ms. Sweeney "did not do business with Spirit until September 2015." *Id.*, Doc. 147 at 3.

(b) *Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-2440 (VEC) (S.D.N.Y.): Patrick Sweeney filed an objection on behalf of his two daughters in this case about unsolicited text messages. However, Sweeney's daughters were not on the class list as having received the text messages. Presented with this verifiable fact, Sweeney withdrew the objection. *See* Doc. 286 at 2 n.4.

(c) *Duncan v. JPMorgan Chase Bank, N.A.*, No. 5:14-cv-00912-FB (W.D. Tex.): In *Duncan v. JPMorgan Chase*, on March 28, 2016, a purportedly "pro se" objection was filed by Donald Gors from Madison, Wisconsin (Sweeney's hometown). *See* **Exhibit A** at *Duncan* objection. The style, substance, and format of the objection is highly similar to objections filed by Patrick Sweeney. *Compare*, *e.g.*, *id*. *with* **Exhibit A** at *Carrier IQ* objection (both objections state "The fee calculation is unfair in that the percentage of the settlement amount is far too high (it is stated in the Notice that it is…" and "The Objector hereby states that, of the [33/449] docket entries on PACER, very few entries were substantive in nature."). Even the signature of "Donald Gors" resembles Patrick Sweeney's. *Id.* On April 11, 2016, Patrick Sweeney appeared in *Duncan* to file a joint motion to dismiss the Gors objection because Gors was not a class member and lacked standing to object. **Exhibit B** attached is a copy of Sweeney's dismissal in *Duncan*.

5. Attached hereto are true and correct copies of the following, additional exhibits that relate to Patrick Sweeney:

(a) **Ex. C** (Patrick Sweeney, August 5, 2016 Deposition Transcript from *In re Yahoo Mail Litigation*);

(b) **Ex. D** (Indictment from *U.S. v. Patrick S. Sweeney*, No. 3:16-cr-00103-jdp (W.D. Wisc.) (Doc. 6));

(c) **Ex. E** (Judgment dated November 22, 2017 in *U.S. v. Sweeney* (Doc. 63));

(d) **Ex. F** (State of Wisconsin, Office of Lawyer Regulation Complaint against Patrick S. Sweeney dated July 10, 2015);

(e) **Ex. G** (Complaint and case docket from *Barry Alvarez v. Sweeney & Sweeney, SC et al.*, Case No. 16CV0297 (Wisc. Cir. Ct.));

(f) **Ex. H** (Patrick Sweeney's "Agreement Re Withdrawal of Objection" from *Chimeno-Buzzi v. Hollister Co.*, No. 1:14-cv-23120-MGC (S.D. Fla.) (Doc. 142)); and

(g) **Ex. I** (Final Approval Order from *Martin v. Global Marketing Research Servs. Inc.*, No. 6:14-cv-01290-GAP-KRS).

### **Pamela Sweeney**

6. Pamela Sweeney has filed objections to at least 18 settlements, including this one. **Exhibit J** is compilation of her objections to those settlements:

(a) *Kumar v. Salov N. Am. Corp.*, No. 14-CV-2411-YGR (N.D. Cal.): 5/1/17 – Pamela Sweeney pro se objection (Doc. 155);

(b) *Rougvie v. Ascena Retail Grp., Inc.*, No. 15-724 (E.D. Pa.): 4/15/16 – Pamela Sweeney pro se objection (Doc. 116);

(c) *Douglas v. Western Union Co.*, No. 14-cv-01741 (N.D. Ill.): 2/25/16 – Patrick Sweeney and Pamela Sweeney filed pro se objections (Doc. 70);

(d) *Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO (N.D. Cal.): 6/6/14 – Pamela Sweeney pro se objection (Doc. 99);

(e) *In re Blue Buffalo Co. Ltd. Marketing and Sales Practices Litig.*, No. 4:14-md-02562-RWS (E.D. Mo.): 4/13/16 – Pamela Sweeney pro se objection (Doc. 184);

(f) *Morrow v. Ascena Retail Group, Inc.*, No. 1:16-cv-03340-JPO (S.D.N.Y.): 3/12/18 – Pamela Sweeney pro se objection (Doc. 75);

(g) *Taylor v. Dynamic Pet Prods. LLC*, No. 1616-CV11531 (Jackson County Circuit Court, Missouri): 7/11/17 – Pamela Sweeney pro se objection;

(h) *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 7:13-cv-03073-NSR-LMS (S.D.N.Y.): 9/27/17 – Pamela Sweeney pro se objection (Doc. 118);

(i) *Gordon v. Hain Celestial Group, Inc.*, No. 1:16-cv-06526-KBF (S.D.N.Y.): 8/14/17 – Pamela Sweeney pro se objection (Doc. 57);

(j) *Friedman v. Guthy-Renker LLC*, No. 2:15-cv-01974-ODW-AGR (C.D. Cal.): 2/13/17 – Pamela Sweeney pro se objection (Doc. 268-1);

(k) *Barron v. Snyder's-Lance, Inc.*, No. 0:13-cv-62496-JAL (S.D. Fla.): 5/3/16 – Pamela Sweeney pro se objection (Doc. 206);

(l) *Kolinek v. Walgreen Co.*, No. 1:13-cv-04806 (N.D. Ill.): 7/16/15 – Pamela Sweeney pro se objection (Doc. 115);

(m) *Edwards v. Nat'l Milk Producers Fed'n*, No. 4:11-cv-04766-JSW (N.D. Cal.): 11/1/16 – Pamela Sweeney pro se objection (Doc. 449);

(n) *Leiner v. Johnson & Johnson Consumer Companies, Inc.*, No. 1:15-cv-05876 (N.D. Ill.): 12/22/16 – Pamela Sweeney pro se objection (Doc. 87);

(o) *In re Packaged Ice Antitrust Litig.*, No. 2:08-md-01952-PDB-RSW (E.D. Mich.): 5/31/17 – Pamela Sweeney pro se objection (Doc. 548);

(p) *In re Capital One TCPA Litig.*, No. 1:12-cv-10064 (N.D. Ill.): 2/4/15 – Pamela Sweeney pro se objection (Doc. 327); and

(q) *In re Checking Account Overdraft Litig.*, No. 1:09-md-02036-JLK (S.D. Fla.): 11/13/13 – Patrick Sweeney filed objections on behalf Pamela and Kerry Ann Sweeney to the U.S. Bank settlement in this multidistrict litigation (Doc. 3698).

7. All of Pamela Sweeney's objections have been overruled, and on at least twelve occasions she has filed a notice of appeal to prevent implementation of the settlement. She has been found to have lacked standing, filed untimely objections, and had appeals dismissed by

the Courts of Appeal for the Third (*Rougvie*), Sixth (*Packaged Ice*), Seventh (*Kolinek*), Eighth (*Blue Buffalo*), Ninth (*Kumar*; *Friedman*; *Edwards*) and Eleventh Circuit (*Snyder's-Lance*) for failure to prosecute. In *Goldemberg*, the Second Circuit also issued an order to show cause why Pamela Sweeney's objection should not be dismissed. Eleven days later she filed a notice of voluntary dismissal.

8. Attached hereto are true and correct copies of the following, additional exhibits that relate to Pamela Sweeney:

(a) **Ex. K**: Order from *Barron v. Snyder's-Lance* (W.D. Wisc.) (Doc. 3) denying Pamela Sweeney's effort to quash a subpoena for her deposition, noting that "[t]his is the third motion to quash filed in this court within this past week by Ms. Sweeney or Patrick Sweeney." The court also described Pamela Sweeney's filing as "boilerplate objections [that] have not persuaded this court."

(b) **Ex. L**: Order from *Edwards v. National Milk* (Doc. 519) finding that Pamela Sweeney "fails to raise non-frivolous issues," certifying her appeal as "frivolous," and imposing an appeal bond.

(c) **Ex. M**: Final approval order in *Friedman v. Guthy-Renker*, No. 2:14-cv-06009-ODW-AGR (C.D. Cal.) (Doc. 250) noted that Pamela Sweeney's objection was "devoid [of] any real argument" and "too vague for the Court to properly analyze." *Id.* at 12 n.6 and 16.

(d) **Ex. N**: Copy of the April 10, 2017, transcript of Pamela Sweeney's deposition in *Friedman v. Guthy-Renker*.

### Christopher Cain

9. Chris Cain has filed objections to at least 8 settlements, including this one. **Exhibit O** is compilation of his objections to those settlements:

(a) *Bezdek v. Vibram USA, Inc.*, No. 1:12-cv-10513-DPW (D. Mass.): 8/15/14 – Chris Cain filed objection on behalf of Madeline Monti Cain (Doc. 84);

(b) *Chambers v. Whirlpool Corp.*, No. 8:11-cv-1733 (C.D. Cal.): 6/1/16 – Chris Cain filed objection on behalf of Allen McDonald (Doc. 236);

(c) *Mehigan v. Ascena Retail Group, Inc.*, No. 2:15-cv-00724-MAK (E.D. Pa.): 4/15/16 – Chris Cain filed objection on behalf of Manda Hipshire (Doc. 110);

(d) *In re Netflix Privacy Litig.*, No. 5:11-cv-379 (N.D. Cal.): 11/16/12 – Chris Cain filed objections on behalf of Denis Bono and Judith Mallory (Doc. 212);

(e) *Hill v. State St. Corp.*, No. 1:09-cv-12146-GAO (D. Mass.): 11/4/14 – Chris Cain filed objections on behalf of Charles and Nitz Franz (Doc. 501);

(f) *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-cv-02830 SHM (W.D. Tenn.): 4/5/13 – Chris Cain filed objection on behalf of Allen McDonald (Doc. 300); and

(g) *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033 (M.D. Tenn.): 3/21/16 – Chris Cain filed objections on behalf of Mathis and Catherine Bishop (Doc. 552).

10. There was evidence Cain also represented the objector in *Kolinek v. Walgreens Co.*, No. 1:13-cv-04806 (N.D. Ill.). Objector Franz, represented on the papers by Allen McDonald, provided a privilege log that "identifies Christopher T. Cain – an attorney and noted serial objector [] – as having participated in each purportedly privileged communications between July 15, 2015 (prior to the date Franz filed her objection) and the present." *See* Doc. 192 at 8.

11. Attached hereto are true and correct copies of the following, additional exhibits that relate to Chris Cain:

(a) **Ex. P**: Order imposing an appeal bond on Cain's clients in *Hill v. State St. Corp.*, No. 1:09-cv-12146-GAO (D. Mass.) (Doc. 528);

(b) **Ex. Q**: Order certifying Cain's appeal as frivolous in *Chambers v. Whirlpool Corp.*, No. 8:11-cv-1733 (C.D. Cal.) (Doc. 350);

(c) **Ex. R**: Order imposing an appeal bond on Cain and others in *Mehigan v. Ascena Retail Group, Inc.*, No. 2:15-cv-00724-MAK (E.D. Pa.) (Doc. 233);

(d) **Ex. S**: Order denying Chris Cain's *pro hac vice* motion in *In re Netflix Privacy Litig.*, No. 5:11-cv-379 (N.D. Cal.) (Doc. 341). After overruling their objections to the settlement, the court ordered Cain (who represented purported class members Denis Bono and

Judith Mallory) and other serial objectors to each post appeal bonds of $21,519 and to respond to discovery requests. *See In re Netflix*, Doc. 307. Cain appealed that order as well. The Court subsequently denied Cain's *pro hac vice* motion, finding "sufficient reason to question Attorney Cain's ability to observe the duties and responsibilities required by an attorney admitted in this district."

12. In *Schuh v. HCA Holdings, Inc.*, No. 3:11-cv-01033 (M.D. Tenn.), class counsel argued that Cain's objector clients lacked standing because they actually profited from their purchases of the stock at issue. Cain nonetheless appealed the order granting final approval, and thereafter the court ordered Cain to post an $80,000 appeal bond. *See* Doc. 570 (Motion for Appeal Bond) at 2, PageID 46717; Doc. 579 (Appeal Bond Order). Cain dismissed the appeal nine days later.

### **Arianna Gallagher / Simina Vourlis**

13. Simina Vourlis has filed objections to at least 5 settlements, including this one. **Exhibit T** is compilation of his objections to those settlements.

(a) *Linneman v. Vita-Mix Corporation*, No. 1:15-cv-00748-SJD (S.D. Ohio): 3/5/18 – Simina Vourlis filed objection on behalf of Kamal Bennett (Doc. 56);

(b) *Williams v. Duke Energy Corp.*, No. 1:08-CV-00046 (S.D. Ohio): 3/14/16 – Vourlis filed objection on behalf of David Ference (Doc. 255);

(c) *In re Ford Motor Co. Spark Plug & 3-Valve Engine Prods. Liab. Litig.*, No. 1:12-md-02316 (N.D. Ohio): 12/22/15 – Simina Vourlis filed objection on behalf of Stephen A. Kron (Doc. 111); and

(d) *Volz v. Coca-Cola*, No. 1:10-cv-0000879 (S.D. Ohio): 11/1/14 – "Pro Se" objection filed by David Jay Ference (Doc. 58), and on 12/22/14, Vourlis filed notice of appearance for objector David Jay Ference (Doc. 69).

14. None of Vourlis' objections have been upheld. In three of the prior four objections – *Williams*, *Ford*, and *Volz* – Vourlis represented "class members" who themselves are serial objectors. In *Volz*, the objection was originally filed pro se by David Jay Ference. The Ference family are serial objectors; Brittany, Sheila, Justin and David Ference all have a

history of objections. In *Volz*, a month after the "pro se" objection was filed, Vourlis filed an appearance on behalf of Ference. *See Volz*, Doc. Nos. 58, 69.

15. Simina Vourlis' client, Arianna Gallagher, is friends with Kim Morrison. A copy of Mrs. Gallagher's Facebook publicly available Facebook page, which demonstrates her friendship with Mrs. Morrison, is attached as **Exhibit U**. Mrs. Morrison is married to Mark Morrison. Mark Morrison's business partner, Cemil Hope, objected to the class action settlement in *Warner v. Toyota Motor Sales, USA, Inc.*, No. 2:15-cv-02171 FMO-FFM (C.D. Cal.), where he was represented by serial objector counsel Bradley Salter. *See Warner*, Doc. 138-2 at PageID 2692-2693.

### Adam Brunet

16. Attached as **Exhibit V** is a copy of Adam Brunet's LinkedIn page, which states that he does sales at Lex Recovery Group, LLC ("Lex Group").

17. Brunet also did not timely serve his objection, providing further basis to reject it. In addition to being late-filed with the Court, Class Counsel did not receive Brunet's objection until March 20, 2018.

### Updated Lodestar, Expense, and Claims Filing Information

18. My previous declaration in support of final approval noted that the total number of hours spent on this litigation by professional staff at my firm as of March 1, 2018, was 6,771.75 hours. The total lodestar for attorney and paralegal time was $3,313,918.75. *See* Doc. 170-1 at PageID 7187. As of April 6, 2018, we have spent an additional 107.50 hours on this litigation. This additional time was spent primarily on researching the extensive backgrounds of the professional objectors, and in preparing the reply in support of final approval. Some time was also spent monitoring class notice and claims administration activities, including coordinating with the Settlement Administrator regarding the same. As Class Counsel we will continue to incur additional time and expense on this litigation, including defending the settlement on the appeals that will be inevitably filed by the professional objectors. This time and expense will further increasing our lodestar and reducing the proposed fee award on a lodestar multiplier basis.

19. Accordingly, the total number of hours spent on this litigation by professional staff at my firm as of April 6, 2018, was 6,879.25 hours. The total lodestar for attorney and paralegal time at my firm was $3,376,993.75.

| Attorney/Paralegal | Hours | Rate | Lodestar | Bar Admission |
|---|---|---|---|---|
| Timothy G. Blood (Partner) | 955.25 | $810 | $773,752.50 | 1990 |
| Leslie E. Hurst (Partner) | 319.00 | $660 | $210,540.00 | 1995 |
| Thomas J. O'Reardon II (Partner) | 1,922.25 | $560 | $1,076,460.00 | 2006 |
| Paula R. Brown (Partner) | 45.50 | $510 | $23,205.00 | 2007 |
| Jennifer MacPherson (Of Counsel) | 172.50 | $435 | $75,037.50 | 1999 |
| Camille S. Bass (Associate) | 78.50 | $410 | $32,185.00 | 2014 |
| Tiffany Bailey (Staff Attorney) | 21.00 | $320 | $6,720.00 | 2007 |
| Bonnie R. Benitez (Staff Attorney) | 51.75 | $350 | $18,112.50 | 1998 |
| Orion Bylsma (Staff Attorney) | 44.75 | $320 | $14,320.00 | 2009 |
| John Scott Carter (Staff Attorney) | 62.50 | $400 | $25,000.00 | 2002 |
| Geoffrey Drew La Val (Staff Attorney) | 1,493.50 | $335 | $500,322.50 | 2011 |
| Carlo Labrado (Staff Attorney) | 256.00 | $400 | $102,400.00 | 2012 |
| Tran Nguyen (Staff Attorney) | 259.00 | $350 | $90,650.00 | 2014 |
| Craig W. Straub (Staff Attorney) | 810.75 | $385 | $312,138.75 | 2007 |
| Mingzhao Xu (Staff Attorney) | 82.00 | $375 | $30,750.00 | 2009 |
| Elle Chaseton (Paralegal) | 187.25 | $280 | $52,430.00 | n/a |
| Bethany C. Maxwell (Paralegal) | 117.75 | $280 | $32,970.00 | n/a |
| **TOTALS** | **6,879.25** | | **$3,376,993.75** | |

BLOOD HURST & O'REARDON, LLP
00134068

20. Based on my firm's lodestar and the lodestar information declared previously by my co-counsel, Plaintiffs' Counsel have spent 9,465.30 hours on this litigation, for a total lodestar of $4,759,972.50. *See* Plaintiffs' Counsel's Declarations in Support of Final Approval (Doc. Nos. 170-2, 170-3, 170-4, 170-5, 170-6). After deducting the requested expenses (see ¶ 22 below), the proposed fee award is **$4,138,879.94**. This proposed award amounts to a lodestar multiplier of 0.87.

21. My previous declaration set forth detail regarding my firm's request to be reimbursed $250,886.04 in out-of-pocket litigation expenses. *See* Doc. 170-1 at PageID 7189. Since the time of my previous declaration, my firm has incurred an additional $1,107.54 in out-of-pocket litigation expenses for which we seek reimbursement, for a total of $251,993.58. The $1,107.54 relates to my flight from San Diego to Cincinnati and hotel expenses for the April 16, 2018, final approval hearing.

22. Collectively, Plaintiffs' Counsel seek reimbursement of **$361,120.06** in out-of-pocket expenses from this Action. As stated in their respective declarations, the five firms have each expended the following amounts:

| Firm | Expenses Requested |
|---|---|
| Blood Hurst & O'Reardon, LLP | $251,993.58 |
| Futscher Law, PLLC | $34,580.80 |
| Nicholas & Tomasevic, LLP | $72,974.31 |
| O'Brien Law Firm, PC | $85.00 |
| Morgan & Morgan, P.A. | $1,486.37 |
| **TOTAL** | **$361,120.06** |

///
///
///
///
///

23. The fee motion was posted on the Settlement Website on March 22, 2018 – 25 days prior to the final approval hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 9th day of April, 2018, at San Diego, California.

By: *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants as follows:

| | |
|---|---|
| Patrick S. Sweeney<br>1223 20th Street, Unit 101<br>Santa Monica, CA 90404 | *Objector in Pro Se* |
| Pamela Sweeney<br>2672 Mutchler Road<br>Madison, WI 53711 | *Objector in Pro Se* |
| Christopher T. Cain<br>Scott & Cain<br>550 Main Street, Suite 601<br>Knoxville, TN 37902 | *Objector in Pro Se* |
| Adam Brunet<br>14561 Elysium Pl.<br>Apple Valley, MN 55124 | *Objector in Pro Se* |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed April 9, 2018.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com