BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (CA 149343)
LESLIE E. HURST (CA 178432)
THOMAS J. O'REARDON II (CA 247952)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
lhurst@bholaw.com
toreardon@bholaw.com

Attorneys for Plaintiffs and the Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DINO RIKOS, TRACEY BURNS, and LEO JARZEMBROWSKI, On Behalf of Themselves, All Others Similarly Situated and the General Public,<br><br>Plaintiffs,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Case No. 11-CV-00226-TSB<br><br>**CLASS ACTION**<br><br>**DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF JOINT MOTION FOR APPEAL BOND**<br><br>Judge:      Hon. Timothy S. Black<br>Courtroom: 815 |

I, TIMOTHY G. BLOOD, declare:

1. I am an attorney duly licensed to practice before all courts of the State of California and am admitted *pro hac vice* to practice before this Court. I am the managing partner of the law firm of Blood Hurst & O'Reardon, LLP ("BHO"), Class Counsel and one of the counsel for Plaintiffs Dino Rikos, Tracey Burns, and Leo Jarzembowski (collectively, "Plaintiffs"). I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify to them. I submit this declaration in support of the parties' Joint Motion for Appeal Bond.

2. **Arianna Gallagher:** Based on public information and records, in November 2015, Arianna Gallagher and her husband purchased a single-family residence in San Diego, California for $932,000. Their purchase was financed with a 30-year loan in the amount of $599,906. Attached hereto as Exhibit A is a true and correct copy of the deed of trust executed by Mr. and Mrs. Gallagher relating to their home. My office obtained the certified copy of the deed of trust through the San Diego County Recorder office. On July 25, 2018, the Gallagher's home was valued at approximately $1.1 million according to the following online real estate brokerages and database companies: $1,100,879 (Zillow), $1,099,099 (Trulia), $1,074,759 (Redfin), and $1,109,400 (realtor.com).

3. **Simina Vourlis:** Based on a review of public filing searches on PACER, we discovered at least six class action settlements to which Simina Vourlis has objected since November 2014. My previous declaration in support of final approval listed and attached Ms. Vourlis' objections to five settlements. *See* Doc. No. 177-1, ¶13, PageID 7453 and Doc. No. 177-22 (Ex. T) thereto (listing and attaching Vourlis' objections). On July 9, 2018, Ms. Vourlis filed an objection on behalf of serial objector Sheila Ference to the settlement in *Meta v. Target Corp.*, No. 4:14-cv-00832-DCN (N.D. Ohio). A true and correct copy of the Vourlis/Ference objection in *Meta v. Target*, which was retrieved from the PACER filing system, is attached hereto as Exhibit B. The order granting final approval and rejecting Vourlis' objections in *Target* is attached as Exhibit C. None of Vourlis' objections have been

upheld. In now four objections, Vourlis has represented purported class members who themselves are serial objectors. *See* Doc. No. 177-1, ¶14, PageID 7453-7454.

4. In *In re Ford Motor Co. Spark Plug Litig.*, class counsel pointed out that Vourlis' professional objector client did not actually own one of the vehicles at issue. *See* Doc. No. 116 at 6 in Case No. 1:12-md-02316-BYP (N.D. Ohio). According to plaintiffs' counsel, "as confirmed by the Declaration of Ford Engineer James Engle, attached as Exhibit 1, neither of the two vehicles identified by Mr. Kron [represented by Simina Vourlis] is a 'Covered Vehicle' for purposes of this Settlement because neither contains the 5.4L 3-Valve engine." *Id*.

5. On March 14, 2016, Simina Vourlis filed objections on behalf of serial objector David Ference to the class action settlement in *Williams v. Duke Energy Corp.*, No. 1:08-CV-00046 (S.D. Ohio). A copy of the *Duke Energy* objections were attached within Exhibit T to my prior declaration. *See* Doc. No. 177-22. In *Duke Energy*, Ms. Vourlis repeated verbatim her objection from the *Ford* spark plug case, including arguing that "the Release [in the *Duke Energy* case] should be limited to all **5.4L 3-valve engine vehicles** in the Notice …." *Id*. at 10.

6. **Allen McDonald:** Based on a review of public filing searches on PACER, we have identified at least 16 settlement objections, including this one, in which Allen McDonald participated. This is at least the fourth objection in which Cain and McDonald have worked together. Exhibit D is a compilation of his objections to those settlements:

    a) *Chambers v. Whirlpool Corp.*, No. 8:11-cv-1733 (N.D. Cal.):
       6/1/16—Chris Cain filed objections on behalf of Allen McDonald (Doc. No. 236);

    b) *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-cv-02830 SHM (W.D. Tenn.):
       4/5/13—Chris Cain filed objections on behalf of Allen McDonald (Doc. No. 300);

    c) *Kolinek v. Walgreens*, No. 1:13-cv-04806 (N.D. Ill.):
       7/17/15—Allen McDonald filed objections on behalf of Melinda Franz (Doc. No. 118). McDonald and Michael Franz are partners at the law firm Lacy, Price & Wagner;

d) *In re Pre-Filled Propane Tank Mktg. and Sales Practices Litig.*, No. 4:09-md-02086-GAF (W.D. Mo.):
1/10/12—Allen McDonald filed objections on behalf of William Cleusman and Chris Cain's relative, Myriah Cain (Doc. No. 266);

e) *Pecover v. Electronic Arts Inc.*, No. 4:08-cv-02820-CW (N.D. Cal.):
12/13/12—Allen McDonald filed objections on behalf of David C. Marlow (Doc. No. 408);

f) *Douglas v. The Western Union Company*, No. 1:14-cv-01741 (N.D. Ill.):
2/22/16—Allen McDonald filed objections on behalf of Bethany Carol Price (Doc. No. 69). McDonald and James Price are partners at the law firm Lacy, Price & Wagner;

g) *Wright v. Nationstar Mortgage*, No. 14-cv-10457 (N.D. Ill.):
4/4/16—Allen McDonald filed objections on behalf of his sister-in-law, Amy Jo Mitchell (Doc. No. 83);

h) *Muransky v. Godiva Chocolatier, Inc.*, No. 0:15-cv-60716-WPD (S.D. Fla.):
8/23/16—Allen McDonald filed objections on behalf of his law partner, James H. Price (Doc. No. 61);

i) *Wood v. J Choo USA, Inc.*, No. 9:15-cv-81487-BB (S.D. Fla.):
3/15/17—Allen McDonald filed objections on behalf of his law partner and objector, Cynthia L. Wagner (Doc. No. 86);

j) *In re Enfamil Lipil Mktg. & Sales Practices Litig.*, No. 11-MD-02222-COHN/SELTZER (S.D. Fla.):
8/24/11—James Price, McDonald's law partner, filed objections on behalf of McDonald's sister, Sandra M. Pack (Doc. No. 61). On September 22, 2011, Allen McDonald filed a notice of appearance as co-counsel (Doc. No. 76);

k) *In re Packaged Ice Antitrust Litig.*, No. 08-md-1952 (E.D. Mich.):
5/17/17—Allen McDonald filed objection on behalf of James Willard (Doc. No. 540);

l) *Doe v. Déjà vu Servs.*, No. 2:16-cv-10877 (E.D. Mich.):
5/13/17—Allen McDonald filed objection on behalf of "C.T." (Doc. No. 51);

m) *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M-02-1486-PJH (N.D. Cal.):
5/8/14—Allen McDonald filed objection on behalf of David C. Marlow (Doc. No. 2204);

n) *Soto v. The Gallup Organization, Inc.*, No. 0:13-cv-61747-MGC (S.D. Fla.):
11/13/15—Allen McDonald filed objection on behalf of Jill Wiseman Price (Doc. No. 85). McDonald and James Price are partners at the law firm Lacy, Price & Wagner;

3      Case No. 1:11-cv-00226-TSB
DECLARATION OF TIMOTHY BLOOD ISO JOINT MOTION FOR APPEAL BOND

00137319

      o)    *In re Netflix Privacy Litig.*, No. 5:11-cv-379 (N.D. Cal.): 11/16/12—Chris Cain filed objections on behalf of Denis Bonneau (incorrectly spelled Bono) and Judith Mallory (Doc. No. 212). The objectors later testified Allen McDonald also represented them in their objections. *See* Doc. No. 338-1 (Bonneau Deposition Transcript) and Doc. No. 338-2 (Mallory Deposition Transcript).

7. **Allen McDonald / Chris Cain:** Cain represented McDonald in objecting to the settlement in *Chambers v. Whirlpool Corp.* (N.D. Cal.). On December 2, 2016, the district court in *Chambers* ordered McDonald and Cain respond to discovery about their motives, intentions and prior settlement objections. *See* Ex. E. McDonald and Cain ignored the court's order. At the final approval hearing, the court found that McDonald had failed to comply with discovery obligations, struck his objections, and ordered him not to file any other papers in the case. The Court certified McDonald's appeal as frivolous. *See* Ex. F.

8. Attached as Exhibit G are relevant excerpts from the Class Action Settlement Agreement that Cain and McDonald filed as class counsel in *Lowell v. Summer Bay Management, L.C.*, No. 3:13-cv-00229-PLR-CCS (E.D. Tenn.). My office obtained this Settlement Agreement through public court filings available on PACER. A clear-sailing attorneys' fees provision is at Section 3.14 of the Settlement Agreement. On May 15, 2017, Cain and McDonald filed a motion for attorneys' fees in *Lowell*, arguing that "[t]he fact that a requested fee award was negotiated independently from the class settlement, and the fact that it will be paid separately by a defendant so as not to impact any recovery for the class, both weigh in favor of approval of a fee request." A true and correct copy of the Cain and McDonald attorneys' fees motion was obtained by my office through a records search of PACER, and relevant portions of that motion are attached hereto as Exhibit H.

9. **Appeal-Related Expenses:** Plaintiffs' estimated costs on appeal for copying and binding the original and three copies of Plaintiffs/Appellees' brief and appendix, and for copies of the court reporter's transcript of the final approval hearing will total more than $1,000 for these two appeals.

///

///

10. **Settlement Administrator Declarations:** Attached as Exhibit I is the declaration on behalf of the settlement administrator in *In re Target Corporation Data Sec. Breach Litig.*, MDL No. 14-2522 (D. Minn.). The settlement administrator in *Target*, Rust Consulting, Inc., anticipated incurring monthly administration costs of $7,812 while the settlement was on appeal. *Id.*, ¶4. Attached as Exhibit J is the declaration on behalf of the settlement administrator in *In re General Electric Co. Sec. Litig.*, No. 1:09-cv-01951-DLC (S.D.N.Y.). The settlement administrator in *GE Sec. Litig.*, A.B. Data, Ltd., anticipated incurring monthly administration costs of approximately $7,000 - $12,000 while the settlement was on appeal. *Id.*, ¶5.

11. **Lost Interest:** $429,589.44 in lost interest income should be included in the appeal bond amount. 28 U.S.C. § 1961(a) provides that interest on a judgment in a civil case "shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Judgment was entered on April 30, 2018. *See* Doc. No. 180. The weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding April 30, 2018, was 2.24%. The median length of an appeal in the Sixth Circuit is 10.1 months. *See* http://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2017.pdf.

12. The Objector Appellants' appeals are preventing distribution of $13.25 million in Cash Refunds to Claimants, $7,500 in service awards to the Class Representatives, and $4.5 million in attorneys' fees and expenses to Plaintiffs' Counsel. Under the terms of the Settlement, P&G is not required to pay any of those amounts until after all appeals are resolved. *See* Doc. No. 166-2 (Stipulation of Settlement), §§IV.A.2.d (P&G must pay the Cash Refund Claims within 30 days of the Effective Date), IX.B (fee award is due within 30 days of the Effective Date), and IX.C (Class Representative service awards must be paid within 30 days of the Effective Date).

13. Assuming the appeals last thirteen months (slightly less the median appeal time in the Sixth Circuit, plus the 90-day time period for filing a Supreme Court cert petition) and given the 2.24% applicable interest rate, Objector Appellants' appeals will cost the Settlement Class and Class Representatives $320,725.44, and Plaintiffs' Counsel $108,864.00 in lost interest income.

14. **Projected Appeal-Related Attorneys' Fees:** Based on my experience prosecuting appeals filed by professional objectors relating to final settlement approval, my firm will spend about one hundred hours briefing the two remaining appeals, preparing for oral argument, and traveling to and attending oral argument. I anticipate that my partner, Leslie Hurst, whose practice focuses on appeals, will write and argue this appeal. She will also be assisted by a paralegal. This is a conservative projection of the number of hours my firm will spend prosecuting these appeals. This projected appeal-related lodestar for my firm is as follows:

| Attorney/Paralegal | Hours | Rate | Lodestar |
|---|---|---|---|
| Leslie E. Hurst (Partner) | 80 | $660 | $52,800.00 |
| Dafne Maytorena (Paralegal) | 20 | $280 | $5,600.00 |
| **TOTALS** | **100.00** | | **$58,400.00** |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th day of August, 2018, at San Diego, California.

By:    *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I hereby certify that I caused the foregoing to be served via overnight delivery on the non-CM/ECF participants following our ordinary business practices by placing same in a sealed envelope or package, and depositing into a regularly utilized drop box of the overnight delivery carrier for collection and next day delivery, addressed as follows:

| | |
|---|---|
| Christopher T. Cain<br>Scott & Cain<br>550 Main Street, Suite 601<br>Knoxville, TN  37902 | LACY, PRICE & WAGNER, P.C.<br>W. Allen McDonald<br>249 N. Peters Rd., Ste. 101<br>Knoxville, TN  37923 |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed August 16, 2018.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel:  619/338-1100
619/338-1101 (fax)
tblood@bholaw.com