# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DINO RIKOS, TRACEY BURNS, and LEO JARZEMBROWSKI, On Behalf of Themselves, All Others Similarly Situated and the General Public, <br><br> Plaintiffs, <br><br> v. <br><br> THE PROCTER & GAMBLE COMPANY, <br><br> Defendant. | Case No. 11-CV-00226-TSB <br><br> <u>CLASS ACTION</u> <br><br> Judge Timothy S. Black |

## OBJECTOR GALLAGHER'S OPPOSITION
## TO JOINT MOTION FOR APPEAL BOND

Dated: August 28, 2018

Respectfully submitted,

/s/ *Simina Vourlis*

_____
Simina Vourlis
Law Office of Simina Vourlis
856 Pullman Way
Columbus, OH 43212
(614) 487-5900 (O)
(614) 487-5901 (F)
svourlis@vourlislaw.com
Attorney for Appellant Arianna Gallagher

# TABLE OF CONTENTS

Table of Contents…………………………………………………………..........ii

Table of Authorities……………………………………………………….……iii

I. Objector cannot be required to post a bond for delay costs associated with a class settlement while an appeal is pending because these expenses are not taxable under a specific statute or rule. ..………………………………………………….....1

II. The *Gemelas* factors should not be considered …………………….………….3

III. The requested bond is being used for an improper purpose……………………..4

Conclusion…………….………..……………….…..….………………….……….6

Certificate of Service ………………………………………………..……....7

# TABLE OF AUTHORITIES

**Cases**

*Adsani v. Miller*, 139 F.3d 67 (2d Cir. 1998)..............................................................1

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291 (2006).................3

*Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007) .....................1

*Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir. 1974)...............................5

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)............................3

*Gemelas v. Dannon Co., Inc.*, 1:08 CV 236, 2010 WL 3703811 (N.D. Ohio Aug. 31, 2010) ......................................................................................................................4

*In re Am. President Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985)...........................2, 5

*In re Cardizem CD Antitrust Litig.*, 391 F.3d 812 (6th Cir. 2004)...........................2

*In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 614–15 (8th Cir. 2017), *amended,* 855 F.3d 913 (8th Cir. 2017) .............................................2

*Lane v. Facebook, Inc.*, 696 F.3d 811 (9th Cir. 2012)..............................................5

*Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir. 2002) ............................2

*Reeder–Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805 (8th Cir. 2007) ........................................................................................................................1

*Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002) ...........................6

*Tennille v. W. Union Co.*, 774 F.3d 1249 (10th Cir. 2014) ......................................1

*Vaughn v American Honda Motor*, 507 F.3d 295 (5th Cir. 2007)............................5

**Statutes**

Fed. R. App. P. 39(e) ..................................................................................4

Fed. R. App. P. 7 ......................................................................................1, 4

Class Member/Appellant, Arianna Gallagher, ("Objector") opposes the Joint Motion for Appeal Bond and states in support:

**I.  Objector cannot be required to post a bond for delay costs associated with a class settlement while an appeal is pending because these expenses are not taxable under a specific statute or rule.**

The purpose of an appeal bond is "to ensure payment of costs on appeal." Fed. R. App. P. 7.  Here, class counsel requests a bond of $561,489.44 to cover settlement administration expenses and interest costs, i.e. delay costs.  No rule or statute provides that Objector can be liable for these costs.  Thus, an appeal bond in this case is not appropriate.

Last year, the 8th Circuit conducted an analysis of what costs were appropriate for a bond for a class member who appealed the final approval of the class action.

> The issue is one of first impression in our Court: whether costs associated with delays in administering a class action settlement for the length of a class member's appeal may be included in an appeal bond under Federal Rule of Appellate Procedure 7. While we ordinarily review the imposition of a Rule 7 bond for abuse of discretion, the determination of costs allowable in the bond is a legal question reviewed de novo. *Adsani v. Miller*, 139 F.3d 67, 71 (2d Cir. 1998); see also *Reeder–Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808 (8th Cir. 2007) (reviewing de novo the interpretation of federal appellate rules).
>
> Rule 7 allows a district court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Appeal bonds are a type of guarantee for an appellee that an unsuccessful appellant can pay the costs the appellee incurs as a result of the appeal. *Tennille v. W. Union Co.*, 774 F.3d 1249, 1254 (10th Cir. 2014). Appellate courts generally

1

limit "costs on appeal" to "costs that a successful appellate litigant can recover pursuant to a specific rule or statute." *Id.*; see also *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 953 (9th Cir. 2007) (allowing attorneys' fees in a Rule 7 bond only when they are included as recoverable costs under an applicable fee-shifting statute); *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002) (same); *In re Am. President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985) (per curiam) (limiting "costs on appeal" under Rule 7 to "those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39"). The Sixth Circuit, for example, upheld the inclusion of delay-based administrative costs in an appeal bond in part because the applicable state law provided for the prevailing party on appeal to recover "any damages incurred, including reasonable attorney's fees and costs." *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 817–18 (6th Cir. 2004) (emphasis added). By the same logic, the Tenth Circuit reversed an appeal bond that included delay costs, as no rule or statute applied allowing for their recovery. *Tennille*, 774 F.3d at 1255.

We find our sister circuits' approach sensible and fair. By linking the amount of the bond to the amount the appellee stands to have reimbursed, the rule secures the compensation due to successful appellees while avoiding creating "an impermissible barrier to appeal" through overly burdensome bonds. See *Adsani*, 139 F.3d at 76. Accordingly, we hold that "costs on appeal" for Rule 7 purposes include only those costs that the prevailing appellate litigant can recover under a specific rule or statute applicable to the case at hand.

*In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 614–15 (8th Cir. 2017), *amended*, 855 F.3d 913 (8th Cir. 2017).

Here, there are no specific rules or statutes that would shift the delay costs to Objector. Thus, in the absence of an applicable cost-shifting statute or appellate rule, Objector cannot be responsible for the delay costs sought by the Settlement Class.

This approach to defining "costs" on appeal is consistent with the Supreme

2

Court's repeated admonition that the term "costs" is not an open-ended invitation for courts to impose whatever expenses they deem fair, but rather a term of art whose content is bounded by the items specified in statutes or rules. See *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006) (holding that, in the Individuals with Disabilities Education Act, "[t]he use of this term of art [i.e., 'costs'], rather than a term such as 'expenses,' strongly suggests that [the statute's cost-shifting provision] was not meant to be an open-ended provision that makes participating States liable for all expenses incurred by prevailing [plaintiffs]"); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) (holding that "costs" as defined in Federal Rule of Civil Procedure 54 are limited to those specified by statute).

Class counsel's failure to identify a rule or statute that would render Objector responsible for the administration costs is dispositive of the question whether a bond maybe required for these costs. In sum, almost the entire amount of the bond class counsel requests consists of settlement-administration or delay expenses that are not defined by statute or rule as costs and are therefore not permissible components of an appeal bond. Accordingly, the Court should deny the bond motion.

**II.     The *Gemelas* factors should not be considered.**

In deciding whether to impose a Rule 7 bond, courts typically consider (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not

pay appellee's costs if the appeal is unsuccessful, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct. *Gemelas v. Dannon Co., Inc.*, 1:08 CV 236, 2010 WL 3703811, at *1 (N.D. Ohio Aug. 31, 2010). Here, these factors do not apply because the Settlement Class has not identified any applicable fee-shifting statute. If the Settlement Class had requested an amount that is allowable under the statute, then Objection would find it appropriate to address each factor. However, as almost the entire sum requested by the Settlement Class are administrative expenses which are not allowable expenses under statute or rule, then the Court should not consider the *Gemelas* factors. In any event, the analysis of these factors would weigh against the imposition of a bond.

### III. The requested bond is being used for an improper purpose.

Objector believes that based on the magnitude of the requested bond, the underlying purpose of this motion may not be securing costs but intimidating Objector from exercising her appellate right. Class counsel has spent a large portion of its motion inappropriately attacking Objector and her attorney. Whereas Objector stands to pocket no money as a result of this appeal, class counsel *does* have a financial incentive to discourage an appeal as they will not get paid until the settlement is final.

Not only should the bond motion be rejected on the merits for the reasons explained above, but this Court should reject the improper use of a Rule 7 bond to

4

deter appeals: "Allowing districts court to impose high Rule 7 bonds where the appeals *might* be found frivolous risks impermissibly encumbering appellants' right to appeal[.]" *Azizian*, 499 F.3d at 961 (citation, internal quotation marks, and source's alteration marks omitted); *accord In re Am. President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) ("While, in the federal scheme, appeals found to be frivolous cannot command judicial respect, those possessing merit are normally a matter of right. Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." (footnotes omitted)); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated."); *see also Vaughn v American Honda Motor*, 507 F.3d 295, 300 (5th Cir. 2007) (cautioning that "imposing too great a burden on an objector's right to appeal may discourage meritorious appeals or tend to insulate a district court's judgment in approving a class settlement from appellate review" (footnote omitted)).

The availability of an appeal is particularly important for class action objectors, who play a crucial role in the settlement process by speaking for absent class members and ensuring adversarial presentation of issues. "Objectors provide a critically valuable service of providing knowledge from a different point of view [from that of the settling parties.]" *Lane v. Facebook, Inc.*, 696 F.3d 811, 830 (9th Cir. 2012) (Kleinfield, J., dissenting); *see also Reynolds v. Beneficial Nat'l Bank*,

288 F.3d 277, 288 (7th Cir. 2002) (Posner, J.) ("It is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally.").

In short, Objector raised valid objections at the fairness hearing and is entitled to pursue those objections to their logical conclusion, which includes the right to appeal and to have the appeal heard, without the threat of having to cover supposed costs that are not covered by rule or statute by lawyers whose agendas are not necessarily in the best interests of the class members.

The use of appeal bonds to chill the pursuit of legitimate, good-faith appeals is a practice that this Court should emphatically discourage.

## CONCLUSION

For the foregoing reasons, the motion to impose an appeal bond should be denied.

Dated: August 28, 2018

>Respectfully submitted,
>
>*/s/ Simina Vourlis*
>Simina Vourlis
>Law Office of Simina Vourlis
>856 Pullman Way
>Columbus, OH 43212
>(614) 487-5900; Fax: (614) 487-5901
>svourlis@vourlislaw.com
>Attorney for Arianna Gallagher

6

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the August 28, 2018and served by the same means on all counsel of record.

> */s/ Simina Vourlis*
> Simina Vourlis