# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DINO RIKOS, TRACEY BURNS, and LEO JARZEMBROWSKI, on behalf of themselves, all others similarly situated and the general public, | : : : : : | Case No. 1:11-cv-226 Judge Timothy S. Black |
| Plaintiffs, | : : | |
| vs. | : : | |
| THE PROCTER & GAMBLE COMPANY, | : : : | |
| Defendant. | : | |

### ORDER APPROVING THE PARTIES' AMENDMENT
### TO THE APPROVED SETTLEMENT AGREEMENT

This class action is before the Court on the parties' joint request via email to approve their agreed Amendment to Stipulation of Settlement ("the Amendment"), attached here as Exhibit A. Consistent with its April 30, 2018, Order approving the final settlement (Doc. 179), the Court finds the Amendment fair, reasonable, and adequate.

### I.  BACKGROUND

On April 30, 2018, the Court approved the parties' Stipulation of Settlement in this case ("Approved Settlement"). (Doc. 179). The Approved Settlement did not contemplate what should happen to funds left over because of checks that were either undeliverable or uncashed ("the uncashed funds"). On July 17, 2020, Defendant Proctor & Gamble Company ("P&G") filed a motion arguing that the uncashed funds should revert to P&G. (Doc. 204). Class Counsel opposed, and the Court denied that motion on

November 30, 2021.  (Doc. 208).  Parties have now agreed to amend the Agreed Settlement to direct the settlement administrator to reinitiate contact with 15,896 class members who successfully claimed a refund but have not cashed their checks ("Uncashed Claimants").  If this second attempt to provide a refund fails, parties have agreed to divert the remaining uncashed funds to The Digestive Health Foundation as a *cy pres* recipient.  By email to Chambers, the parties request approval to proceed with the Amendment.

## II.  LAW & ANALYSIS

Federal Rule of Civil Procedure 23(e)(2) requires courts to review class action settlements for fairness, reasonableness, and adequacy.  Under the Rule, parties must provide notice to the class, the court must hold a fairness hearing at which the court considers several factors, and class members must have an opportunity to object.  *Id.* at 23(e)(1)-(5).  Rule 23(e)'s procedural requirements exist to secure absentee class members a degree of due process before they are bound to the terms of a settlement agreement.  *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 621 (1997).  Thus, where an *amendment* to an approved settlement threatens to modify the rights of absentee class members without due process, courts apply Rule 23(e)'s requirements for notice, an opportunity to object, and a fairness hearing before approving the amendment.  *See e.g.*, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 385 F.3d 386 (3d Cir. 2004); *Bowling v. Pfizer*, 144 F. Supp. 3d 945 (S.D. Ohio 2015).  But nothing in Rule 23(e) expressly applies to *all* amendments to settlement agreements that have already satisfied Rule 23(e)'s rigorous tests.  *See Friske v. Bonnier Corp.*, 543 F. Supp. 3d 543, 545 (E.D. Mich. 2021).  Where amendments are "either minor and

technical in nature" or "do[] not materially alter the Settlement Agreement, and do[] not change the Court's fairness analysis," courts often summarily approve an amendment without clearing the procedural hurdles of Rule 23(e).  *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 268 F. Supp. 2d 907, 918 n.17 (N.D. Ohio 2003); *see also In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 175 n.10, 182 (3d Cir. 2013) (requiring notice and hearing only where approved settlement would be "materially alter[ed]"); *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 313 (D.D.C. 2015) (same); *Harris v. Graddick*, 615 F. Supp. 239, 244 (M.D. Ala. 1985) (same); *Art Shy v. Navistar Int'l Corp.*, No. 3:92-CV-0333, 2021 WL 1399277, at *3 (S.D. Ohio Apr. 14, 2021) (same). This Court too has acknowledged that Rule 23(e)'s procedural protections may not apply to an amendment that poses minimal risk to the due process rights of absentee class members.  *Bowling*, 144 F. Supp. 3d at 953 ("[D]ue process may not have required class notice in this instance … .").

In this case, the Court is satisfied that it may approve the Amendment without additional notice to the class and a new fairness hearing.  The Amendment accomplishes two goals: (1) it directs the settlement administrator to re-attempt contact with Uncashed Claimants (via email or their last known address) and issue them new checks, and (2) it diverts uncashed funds remaining after the second attempt to a *cy pres* recipient.  These additions do not "materially alter" the Approved Settlement which fully satisfied the protections of Rule 23(e).  (Doc. 179).

*First,* in its Order denying P&G's motion for release of funds, the Court concluded that efforts to re-contact Uncashed Claimants were "fully encompassed within the

3

Settlement Administrator's existing duties under the settlement agreement." (Doc. 208 at 8). The amendment merely specifies how the settlement administrator shall proceed. It therefore does not materially alter the Approved Settlement.

*Second*, although a distribution to *cy pres* was not contemplated in the Approved Settlement, that addition does not materially alter the Approved Settlement either. The Approved Settlement required extensive notice to absentee class members and returned 214,275 timely valid claims for refunds. The only class members whose rights may be affected are the fraction of Uncashed Claimants who submitted successful claims for refunds but did not cash their checks or provide an updated mailing address at any point in the last *nearly four years*. These are not the absentee class members Rule 23(e) is designed to protect. They are not unsuspecting would-be plaintiffs who risk being bound to a settlement they knew nothing about. By definition, Uncashed Claimants manifested their awareness and consent to the settlement by submitting successful claims for a refund. Indeed, the notice they received (and responded to) asked them to update their contact information via mail. (Doc. 166-2 at 54). None of the Uncashed Claimants can claim surprise that they are bound by the Approved Settlement, or that they missed their window for a refund. The Amendment merely offers Uncashed Claimants a second chance and provides them notice of it directly. *Keepseagle*, 102 F. Supp. 3d at 313 (Rule 23(e) does not apply where an amendment merely provides additional benefits to the class). Thus, the Court will not require a "fresh fairness hearing, which would in turn require another round of notices and opt-out deadlines." *Friske*, 543 F. Supp. 3d at 545.

4

## III.  CONCLUSION

Based upon the foregoing, the Court **APPROVES** the parties' stipulated Amendment as fair, reasonable, and adequate.

**IT IS SO ORDERED.**

Date:  3/10/2022

*Timothy S. Black*
Timothy S. Black
United States District Judge